633 So.2d 701 (1993)
STATE of Louisiana,
v.
Julius K. PAYNE.
No. 93 KA 0495.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied June 3, 1994.
Doug Moreau, Dist. Atty., East Baton Rouge Parish, Baton Rouge by Sue Bernie, Asst. Dist. Atty., for State-appellee.
David Price, Public Defender's Office, Baton Rouge, for defendant-appellant.
Carol A. Jewell, La. Dept. of Justice, Crim. Div., Baton Rouge, for amicus curiae.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Julius Kelly Payne (defendant) was charged by bill of information with five *702 counts of indecent behavior with juveniles, LSA-R.S. 14:81. Defendant entered a plea of nolo contendere to each of the five counts. He received five concurrent sentences of seven years at hard labor, with credit for time served. The trial court suspended five years of each sentence and placed defendant on active, supervised probation for four years with special conditions of probation. Defendant has appealed, alleging as his only assignment of error that the trial court erred in imposing excessive sentences.
Because there was no trial, the record contains very little factual information about the offenses. The following facts are derived from information contained in the affidavit of probable cause and the presentence investigation report. From January 1, 1989, to June 30, 1991, defendant fondled five young boys between the ages of eight and eleven. During this period of time, defendant was employed at a church in Baton Rouge, Louisiana. These offenses occurred at defendant's trailer, which was located on the church grounds.

ASSIGNMENT OF ERROR:
Defendant contends the trial court erred in imposing excessive sentences. Specifically, he argues the trial court failed to comply with the new sentencing guidelines and imposed illegal, unconstitutional conditions of probation.
Defendant, in brief, contends the trial court imposed an illegal condition of probation. He states:
Appellant was sentenced to seven year prison terms with five years suspended. Appellant is to serve two years. The judge further ordered four years of active supervised probation to begin after the two year prison term. The sentence illegally puts appellant under probation for six years.
Defendant cites State v. Sartain, 571 So.2d 192 (La.App. 4th Cir.1990), for the proposition that when a sentence includes a combination of jail time and probation, the two periods must be added together for the total amount of probation time.
However, as correctly noted by the State, the trial court did not impose two years in jail as a condition of probation. Louisiana Code of Criminal Procedure article 893(A) provides for suspension of all or part of a sentence. The trial court imposed five concurrent sentences of seven years at hard labor and suspended five years of each sentence. Therefore, defendant received, in effect, five concurrent sentences of two years at hard labor. Upon his release from prison, defendant will be on active, supervised probation for four years. Contrary to defendant's argument, this period of probation is not illegal, since the two-year period of imprisonment was not imposed as a condition of probation and, therefore, is not added to the four-year term of probation.
Defendant also contends that another condition of probation requiring him to register as a sex offender is illegal because the particular statutory provisions are unconstitutional on their face and as applied to him. Specifically, defendant contends these statutory provisions are an unconstitutional violation of the right to privacy. Additionally, defendant contends these statutory provisions are unconstitutional as applied to him since they were not enacted at the time of the offenses and, therefore, constitute violations of the ex post facto clauses of the United States and Louisiana Constitutions. The State responds that, although these statutes were enacted after the dates of the offenses, they were not imposed as a penalty for said offenses, but as a special condition of probation reasonably related to defendant's rehabilitation and, as such, are not subject to the ex post facto prohibition.
Ex post facto laws are prohibited by United States Constitution article 1, sections 9 and 10, and Louisiana Constitution article 1, section 23. This prohibition extends to the enforcement of any enactment which changes the punishment to inflict a greater penalty than that authorized for the crime at the time of its commission. Thus, legislation which passed after the crime could not be applied to persons convicted of the offenses that were committed prior to the enactment. State v. Robinson, 423 So.2d 1053, 1063 (La. 1982).
*703 Initially, we note the minutes indicate defendant was required to register as a sex offender as special condition of probation number three. However, a review of the sentencing transcript indicates that Code of Criminal Procedure article 895(H), requiring registration of certain sex offenders as a condition of probation, was never mentioned. Instead, near the conclusion of the sentencing hearing, the prosecutor requested the trial court to order defendant to register as a sex offender. In making the request, the prosecutor specifically referred to Louisiana Revised Statute 15:542. Louisiana Revised Statutes 15:540-549 were enacted by Act 388, section 1, of 1992, and became effective on June 18, 1992. These offenses occurred between January 1, 1989, and June 30, 1991.
Contrary to the State's argument, registration as a sex offender pursuant to Revised Statutes 15:540-549 exposes defendant to additional penalties for his criminal conduct. If defendant should fail to comply with these provisions, unless he has been relieved of the duty to register pursuant to Revised Statute 15:544(B), he is exposed to a fine, imprisonment, or both. See LSA-R.S. 15:542(F). Under these circumstances, we must find that requiring this defendant to register as a sex offender pursuant to Revised Statutes 15:540-549 is an unconstitutional violation of the ex post facto provisions in the United States and Louisiana Constitutions.
Even if we construed the sentencing remarks of the prosecutor and the trial court to mean defendant was ordered to comply with Code of Criminal Procedure article 895(H) (which contains no additional penalties apart from the obvious possibility that probation might be revoked for non-compliance) as a condition of probation, rather than an order to comply with Revised Statutes 15:540-549, we could not alter our conclusion. In State v. Rodriguez, 476 So.2d 994, 997 (La.App. 1st Cir.1985), this court deleted a condition of probation requiring defendant to pay a monthly probation supervision fee, since the legislation authorizing such a fee as a condition of probation was not yet enacted at the time defendant committed the offense. Similarly, noting that article 895(H) was enacted by Act 962, section 1, and became effective August 21, 1992, we would be forced to delete any condition of probation requiring defendant to register as a sex offender pursuant to article 895(H) since defendant committed the offenses prior to its enactment. Since sex offender registration under both article 895(H) and Revised Statutes 15:540-549 is unconstitutional as applied to this defendant under these facts, we find it unnecessary to address the issue of whether such provisions are unconstitutional on their face.
Accordingly, if defendant was ordered to register as a sex offender as a condition of probation (article 895(H)), such special condition of probation hereby is deleted. On the other hand, if the trial court simply ordered defendant to register as a sex offender (Revised Statutes 15:540-549) upon his release from prison, rather than as a special condition of probation, such order by the trial court hereby is vacated.
Finally, we consider defendant's argument that the trial court imposed excessive sentences because it failed to comply with the new sentencing guidelines. This court will not set aside a sentence due solely to the trial court's failure to impose the sentence in conformity with the new sentencing guidelines. See La.C.Cr.P. arts. 881.6 and 894.1(A). See also La.C.Cr.P. art. 881.4(D). Furthermore, this court will not set aside a sentence on the ground of excessiveness if the record supports the sentence imposed. See La.C.Cr.P. art. 881.4(D).
Before imposing sentence, the trial court reviewed the presentence investigation report, which recommended the imposition of maximum sentences. The court noted defendant was 38 years old and had no prior criminal record. However, reviewing the circumstances of the offenses, the trial court concluded defendant's conduct was "absolutely deplorable" and he was "a menace to society," and we concur in these observations. Referring to defendant's employment at the church, the court noted the families of the victims had placed their trust in defendant but he had violated that trust. The court found defendant had caused undue harm to the victims and their families. The trial court concluded defendant was in need of counseling and treatment and needed to *704 stay away from young children. In fact, these two observations were included as special conditions of probation. However, the trial court did not suspend the entire length of the sentences because it found defendant's conduct warranted incarceration.
For each of his convictions of indecent behavior with juveniles, defendant was exposed to a maximum sentence of seven years at hard labor and a maximum fine of $5,000.00. See LSA-R.S. 14:81(C). Although defendant received the maximum sentence of seven years at hard labor on each count, no fines were imposed. Furthermore, defendant received concurrent, rather than consecutive, sentences; and the trial court suspended five years of each sentence and placed defendant on active, supervised probation for four years. Considering the reasons for sentencing given by the trial court, and the circumstances of the offenses, particularly that defendant engaged in such conduct with numerous young male victims over a period of at least two and one-half years, we find the sentences are amply supported by the record.
Accordingly, we affirm defendant's convictions and affirm his sentences as amended, to delete the special condition of probation and/or the order for defendant to register as a sex offender.
CONVICTIONS AFFIRMED. SENTENCES AFFIRMED AS AMENDED.