656 So.2d 1045 (1995)
STATE of Louisiana,
v.
Leland K. SORRELL.
No. 95-KH-136.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1995.
Writ Denied June 30, 1995.
John Mamoulides, Terry M. Boudreaux, Leigh Anne Wall, Dist. Attorney's Office, Gretna, for plaintiff/appellee, State of La.
*1046 A. Bruce Netterville, Gretna, for defendant/appellant, Leland K. Sorrell.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Relator, Leland Sorrell, was convicted on December 13, 1989 of forcible rape. He was sentenced to five years at hard labor; the sentence was suspended and relator was placed on five years active probation. In 1993, his probation was revoked and he was ordered to serve the five year sentence originally imposed. On January 4, 1995, relator was released based upon "good time" credit. As a condition of that release "as if released on parole",[1] relator was ordered to register as a "sex offender" under the provisions of La.R.S. 15:542 and 15:574.4.
Shortly thereafter, relator-defendant filed a petition to relieve him of registration as a sex offender. The district court denied the petition and this Court denied relator's application for writ of review. Subsequently, relator applied for writs to the Louisiana Supreme Court. On March 10, 1995, that court granted the writ and remanded the matter to this Court for briefing, argument and an opinion. For the following reasons, we find that the trial court did not err in failing to grant relator's petition to relieve defendant of registration as a sex offender.
Relator argues that because the statutory requirements of sex offender registration were not effective until after the date of his conviction, the requirements were not applicable to him. He contends that application of the requirements of La.R.S. 15:542 and 15:574.4 would be a prohibited "ex post facto" application of those statutes.
The federal constitution provides that no state shall pass an ex post facto law. U.S. Const. Article I § 9 and Art. I § 23 of the Louisiana Constitution prohibit ex post facto laws.
As described in State v. Masino, 43 So.2d 685, 686 (La.1949):
`Ex post facto' is a term used long before the Revolution. It was the cause of a long and heated debate when the Constitution of the United States was adopted. It has now acquired an appropriate meaning: `Ex post facto is a term used in the law, signifying something done after, or arising from or to affect, another thing that was committed before.' `An ex post facto law is one which operates upon a subject not liable to it at the time the law was made.' Kring v. Missouri, 107 U.S. 221, 227, 2 S.Ct. 443, 448, 27 L.Ed. 506, 508.
One of the authoritative tests of the application of an ex post facto law is where we have a statute enacted subsequent to the commission of the crime. If the new statute alters the situation of the accused to his disadvantage, it is ex post facto. 11 Am.Jur. Par. 348.
In State v. Sepulvado, 342 So.2d 630, 635 (La.1977), the Louisiana Supreme Court addressed the criteria used to determine whether a law meets the ex post facto prohibition. That court stated:
An ex post facto law, by definition, is one which is passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed. Black's Law Dictionary 662 (Rev.4th ed. 1968). See also La.Civil Code art. 8.
Certain criteria for determining if a law is ex post facto have been established. The ex post facto prohibition comes into effect when a law makes an act criminal which was innocent when done and punishes such action; or aggravates a crime or makes it greater than when committed; or changes the punishment and inflicts a greater punishment than the law in effect when the crime was committed; or alters the rules of evidence to receive less or different testimony that the law required at the time the offense was committed in order to convict. Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). A fifth category holds that any law is considered ex post facto which is enacted after the offense was committed and which alters the situation of the accused to his disadvantage. Kring v. Missouri, 107 U.S. 221, *1047 2 S.Ct. 443, 27 L.Ed. 506 (1882); Payne v. Nash, 327 F.2d 197 (8th Cir.1964); State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962); 16A C.J.S. Constitutional Law ss 440-46 (1956).
Relator's conviction was in 1989. La.R.S. 15:542, enacted by Act 388 of 1992 was effective as of June 18, 1992. La.R.S. 15:574.4, enacted by Act 962 of 1992, was effective as of August 21, 1992. Therefore, relator's conviction occurred before the effective dates of the statutes.
La.R.S. 15:540, et. seq., provides for the registration, after conviction or release from confinement, of those persons convicted of sex offenses. Those provisions make it a crime for failure to comply.
La.R.S. 15:542A provides:
... that an adult who has "been convicted of any sex offense shall register with the sheriff of the parish of the person's residence."
Section B provides:
... that the person shall register within 30 days "after conviction or release from confinement, which ever occurs later."
Section E provides in pertinent part:
that "sex offense ... means a violation ... committed prior to the effective date ... [of the statute] if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after the effective date ... [of the statute]."
Section F provides:
A person convicted of failing to register "shall, upon first conviction, be fined not more than one thousand dollars or imprisoned for not more than one year, or both."
La.R.S. 15:543A provides:
... that a defendant charged with a sex offense shall receive written notice of the registration requirements, "on any guilty plea forms and judgment and sentence forms...."
La.R.S. 15:543B provides:
An inmate convicted of a sex offense shall also be provided written notice of the registration requirements at the time of release from confinement.
From a reading of La.R.S. 15:542E, we are of the opinion that the legislature clearly intended that La.R.S. 542 apply to all those persons convicted of sex offenses before the statute was enacted. It may very well be determined that the application of La.R.S. 15:542 to relator would be an unconstitutional violation of ex post facto provisions in the Constitutions of both United States and the State of Louisiana because relator, whose offense was committed prior to the effective date of that statute, would now be subject to a conviction, fine and prison term for failing to comply with La.R.S. 15:542. Had relator been ordered to register under this provision alone, it is quite possible that his petition would have merit. But this is not the case here.
Thus, our inquiry does not yet end. Relator was also ordered to register under La. R.S. 15:574.4 which falls under the part of Title 15 providing for parole. La.R.S. 15:574.4H(2) and (3) provide, as a parole condition, that sex offenders must give notice to certain persons, including residents. La. R.S. 15:574.4Q provides that a person "... eligible for diminution of sentence for good behavior ... convicted of one of the [enumerated] sex offenses ..." shall comply with that parole condition.[2] This statute does not create an offense for the failure to comply. Rather, it creates an additional condition for release on parole or for diminution of sentence (such as good time release). The consequences for the failure to comply with this condition include revocation of the parole or release "as if on parole." La.R.S. 15:574.7.
The law in effect at the time of a prisoner's release governs the terms of that *1048 release, rather than the law in effect at the time of the commission of the offense against the law in effect at the time of entry into the good time credits program. Bancroft v. Louisiana Dept. of Corr., 93-1135 (La.App. 1 Cir. 4/8/94), 635 So.2d 738 citing Bickman v. Dees, 367 So.2d 283 (La.1978).
In the case before us, when relator was convicted and sentenced, there was no condition of parole that a sex offender register and give notice of his residency. However, at the time he was paroled, the statue provided for this mandatory parole condition. Thus, this is not a situation where the parole conditions changed after relator was paroled and disadvantaged him by creating a new condition with which he must comply.
The position taken here is fortified and reinforced by the facts that we have not found any jurisprudence, nor does relator direct us to any jurisprudence, which provide that a person has a right to be paroled under the conditions in effect at the time of his conviction. Inmates are paroled under the conditions authorized by statute at the time of parole. Release for diminution of sentence based upon good time is not definite at the time of conviction and sentencing. Rather, an inmate "may" be eligible in the future to earn good time. La.R.S. 15:571.3.
Moreover, "the Board of Parole may make rules for the conduct of persons heretofore or hereafter granted parole." [Emphasis added]. La.R.S. 15:574.4H(1). That Board also has broad powers regarding parole and conditions of parole. La.R.S. 15:574.2C. Pursuant to these provisions, the Parole Board may require that the relator register as a sex offender, as a condition of his parole. Failure to do so may subject his to revocation of that parole.
For the above discussed reasons, we see no error in the trial court's decision denying relator's petition and we affirm same.
AFFIRMED.
NOTES
[1] La.R.S. 15:571.5A(1) provides that this type of release shall be "as if released on parole."
[2] A third sex offender registration requirement exists in La.C.Cr.P. art. 895H and was enacted at the same time as La.R.S. 15:574.4. This requirement is a condition of probation. Because relator was not on probation, this article is inapplicable herein. Accordingly, relator's reliance on State v. Babin, 93-1361 (La.App. 1 Cir 5/20/94), 637 So.2d 814, writ denied, 94-1563 (La. 10/28/94), 644 So.2d 649 is misplaced and incorrect.