669 So.2d 1359 (1996)
STATE of Louisiana
v.
Robert CALHOUN.
No. 94 KA 2568.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*1360 Doug Moreau, District Attorney, and Tom Walsh, Assistant District Attorney, Baton Rouge, for Appellee Plaintiff State of Louisiana.
Edward Greenlee, Baton Rouge, for Appellant Defendant Robert Calhoun.
Before WATKINS, FOIL and TANNER,[*] JJ.
FOIL, Judge.
The defendant, Robert Calhoun, was charged by grand jury indictment with one count of pornography involving juveniles, a violation of La.R.S. 14:81.1. After originally pleading not guilty, he changed his plea to guilty as charged. After a Boykin examination, the trial court accepted the defendant's guilty plea. The defendant subsequently was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence with credit for time served.[1] He appealed, urging the following assignments of error:
1. The trial court erred in imposing an excessive sentence, failing to apply the sentencing guidelines of La.C.Cr.P. art. 894.1, and subjecting the defendant to the provisions of La.R.S. 15:540, et seq., in violation of the Louisiana and United States Constitutions.
2. The trial court erred in denying the defendant's Motion to Withdraw his Guilty Plea.
3. The trial court erred in ordering the defendant to comply with La.R.S. 15:540, et seq., as those provisions are unconstitutional.
4. The defendant was not afforded his right to effective assistance of counsel.
*1361 In his brief to this Court, the defendant expressly abandoned assignment of error number four except for the arguments made in assignment of error number two.

FACTS
Because the defendant pled guilty, the facts of the offense were not fully developed. The facts adduced at the Boykin hearing reveal that between August 14, 1991, and October 3, 1991, the defendant photographed R.C. "performing sexually." The victim was a juvenile whose date of birth was November 27, 1974.

ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
In his first assignment of error the defendant contends that the trial court erred in imposing an excessive sentence, failing to apply the sentencing guidelines of La.C.Cr.P. art. 894.1, and subjecting the defendant to the provisions of La.R.S. 15:540, et seq., in violation of the Louisiana and United States Constitutions. In his third assignment of error the defendant contends that the trial court erred in ordering him to comply with La.R.S. 15:540, et seq., as those provisions are unconstitutional.
In claiming the court imposed an excessive sentence, the defendant specifically contends that the trial court erred in failing to list mitigating factors and that sentencing him to the maximum sentence was a "needless imposition of suffering."
The statutory penalty for pornography involving a juvenile is a fine of not more than ten thousand dollars and a term of imprisonment at hard labor of not less than two nor more than ten years without benefit of parole, probation, or suspension of sentence. La.R.S. 14:81.1(E). Thus, the defendant's sentence of ten years at hard labor without benefit of parole, probation, or suspension of sentence does comply with the statutory requirements.
The defendant was sentenced on October 14, 1994. The defendant timely filed a written motion to reconsider the sentence based on the excessiveness of the sentence, the court's failure to articulate reasons for the sentence in accordance with La.C.Cr.P. art. 894.1, the court's failure to consider or follow the sentencing guidelines, and the fact that the sentence subjects him to the unconstitutional provisions of La.R.S. 15:540, et seq. The trial court denied the defendant's motion for reconsideration of sentence. Prior to its recent amendment, former La.C.Cr.P. art. 894.1(A) required a trial court to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission.[2] Provided that the court complied with the requirements of former Article 894.1, it had "complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted...." State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted).
In sentencing the defendant, the trial court stated that it considered the sentencing guidelines but was sentencing the defendant "outside of the guidelines." The court stated that the defendant was not a youthful offender and that the victim was young and vulnerable. The court felt that the defendant used his status in order to facilitate the crimes and that his conduct did threaten to cause serious emotional harm. The court stated that although the defendant was classified as a first felony offender, the defendant had a significant criminal history with arrests for twelve different felonies and/or crimes against the person. The court noted that the defendant had not shown remorse or accepted responsibility for his actions. The court stated that the defendant was the beneficiary of a reduced charge as the prosecutor dropped other pending charges in exchange for the defendant's plea. The court felt that the defendant was in need of a custodial environment or correctional treatment and that the defendant appears to be a chronic offender. The court further stated that:

*1362 Defendant has a good education and is able, but unwilling to be a contributing member of society. The defendant preyed on the hopes and dreams of very young girls and lured them into posing nude with promises of financial success. It is obvious that the defendant carefully planned his method of exploitation and worked to keep it a secret by warning the underage girls that they must not tell anyone, especially their family. The pattern of exploitation of these girls was the same and was used extensively in order to gratify the defendant's own perversions. Some of the victims were only 13 years of age. These girls were easy prey for the defendant's intimidating practices. He's been arrested before for juvenile pornography, so the defendant is no novice to this crime and certainly committed it knowingly and willfully. His behavior was despicable and has caused a great deal of trauma to the victims and stress for their families. There was nothing legitimate or professional or, as Mr. Calhoun describes it, artistic about the way he used these young girls.
It is apparent from the court's comments that it considered the Guidelines before imposing sentence and that it adequately stated the considerations taken into account and the factual basis for the sentence. Thus, we are limited to a review of the sentence for constitutional excessiveness. Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within the statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992).
The defendant also argues that the trial court erred in sentencing him to the maximum sentence allowed under the statute. This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). According to the Boykin hearing and the trial court's reasons at sentencing, the defendant photographed the underage victim in sexually explicit positions for his own gratification. He had prior arrests for twelve different crimes and has failed to show remorse or accept responsibility for his actions. Thus, we find the defendant to be one of the worst offenders and this crime to be one of the most serious offenses. Additionally, the defendant could have been fined up to ten thousand dollars as part of his sentence.
After reviewing the record and considering the facts of the instant case, we are unable to say that the trial court abused its discretion in sentencing the defendant.
The defendant also contends that the requirement that he register as a sex offender under La.R.S. 15:540, et seq., is illegal because the particular statutory provisions are unconstitutional on their face and as applied to him. Specifically, the defendant argues that these statutory provisions are an unconstitutional violation of the right to privacy. Additionally, the defendant contends that these provisions are unconstitutional as applied to him since they were not enacted at the time of the offense and, therefore, constitute violations of the ex post facto clauses of the United States and Louisiana Constitutions.
Ex post facto laws are prohibited by United States Constitution Article I, sections 9 and 10, and Louisiana Constitution Article I, section 23. This prohibition extends to the enforcement of any enactment which changes the punishment to inflict a greater penalty than that authorized for the crime at the time of its commission. Thus, legislation which passed after the crime could not be applied to persons convicted of the offenses that were committed prior to the enactment. State v. Payne, 633 So.2d 701, 702-703 (La. *1363 App. 1st Cir.1993), writ denied, 94-0291 (La. 6/3/94), 637 So.2d 497.
Initially, we note that the minutes indicate that the defendant was given a copy of La. R.S. 15:540-549 and informed that he was required to register as a sex offender under the provisions of La.R.S. 15:542. However, a review of the sentencing transcript indicates that, at the conclusion of the defendant's sentencing hearing, the court stated that it was obligated to provide the defendant with a copy of the "registration of the sex offender's act." Although the court did not refer to a specific statute during the sentencing and did not specifically order the defendant to register as a sex offender, we assume that the court was referring to La.R.S. 15:540-549, which were enacted by Act 388, § 1, of 1992, and became effective on June 18, 1992. This offense occurred between August 14, 1991, and October 3, 1991.
Registration as a sex offender pursuant to La.R.S. 15:540-549 exposes the defendant to the possibility of additional penalties for his criminal conduct. If the defendant should fail to comply with these provisions, unless he has been relieved of the duty to register pursuant to La.R.S. 15:544(B), he is exposed to a fine, imprisonment, or both. See La.R.S. 15:542(F). But we find that this defendant is not required to register as a sex offender pursuant to La.R.S. 15:540-549 in this case. Requiring him to do so would be a violation of the ex post facto provisions in the United States and Louisiana Constitutions. Since registration under La.R.S. 15:540-549 is not to be applied to this defendant under these facts, we do not address the issue of whether such provisions are constitutional on their face.
Accordingly, if the defendant was ordered to register as a sex offender upon his release from prison under La.R.S. 15:540-549, such order by the trial court is hereby vacated. We affirm the sentence as amended, deleting the order for the defendant to register as a sex offender.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, the defendant contends that the trial court erred in denying his motion to vacate his guilty plea. He argues that he should have been allowed to withdraw his guilty plea as the trial court failed to inform him at the time of his plea of the registration requirement of La.R.S. 15:540, et seq. However, the defendant states in his brief to this Court that this issue is moot if we find the sex offender registration statutes are not to be applicable in this case. Therefore, because we found in assignments of error numbers one and three that the sex offender registration and notification requirements of La.R.S. 15:540-549 did not apply to this defendant based on the particular facts of this case, we need not address this issue.
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[*] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] The defendant also pled guilty to one count of molestation of a juvenile. He separately appealed his guilty plea in State v. Calhoun, 94 KA 2567, (La.App. 1st Cir. 2/23/96), 669 So.2d 1351, also rendered this date.
[2] La.C.Cr.P. art. 894.1 was amended by Act 942, § 1, of 1995, effective August 15, 1995.