681 So.2d 1020 (1996)
Edward LEE
v.
STATE of Louisiana, et al.
No. 96 CA 0108.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
*1021 Edward Lee, New Orleans, pro se.
Roxie F. Goynes-Clark, Baton Rouge, for Defendant/Appellant.
BEFORE: CARTER, PARRO and McDONALD[1], JJ.
J. MICHAEL McDONALD, Judge Pro Tem.
This is an appeal by the Louisiana Department of Public Safety and Corrections (the Department) from a judgment permanently enjoining the Department from requiring a convicted sex offender to register as and give notice of such under the provisions of La.R.S. 15:542 and 15:574.4(H).

FACTS AND PROCEDURAL HISTORY
On August 26, 1988, Edward Lee was sentenced to 5 years imprisonment after being found guilty of indecent behavior with a juvenile. On August 10, 1990, Lee was found guilty of molestation of a juvenile and was subsequently sentenced to 8 years imprisonment as a habitual offender. On November 20, 1994, Lee was released due to a diminution of his sentence based upon "good time" credit pursuant to La.R.S. 15:571.5.[2] Under La.R.S. 15:571.5(A), this type of release is "as if released on parole."
On November 18, 1994, Lee signed a "Diminution of Sentence" form which detailed the conditions of his release. Among these conditions was a requirement that Lee register as a sex offender with the sheriff of the parish in which he was to reside, in accordance with La.R.S. 15:542, and notify designated persons within the area where he was to reside of the crime of which he was convicted and of his name and address, in accordance with La.R.S. 15:574.4(H). Although Lee signed the form, he wrote "(U.D.)" before his signature, indicating that he was signing the form "under duress."
On November 23, 1994, Lee filed an application for temporary restraining order, seeking to prohibit the Department from requiring him to comply with the conditions of La.R.S. 15:542 and 15.574.4(H). Lee argued that the statutory requirements of sex offender registration and notification were not applicable to him because they were not enacted at the time of the offenses. He contended that application of the requirements of La.R.S. 15:542 and 15:574.4(H) would be a prohibited "ex post facto" application of those statutes.
*1022 On April 27, 1995, the temporary restraining order was granted. On June 30, 1995, a permanent injunction was granted against the Department, wherein a Commissioner of the 19th Judicial District Court[3] held that Lee did not have to register or give notice as a sex offender. This judgment was signed by a district court judge on July 5, 1995.
The Department appeals from this adverse judgment.

DISCUSSION
In reaching her decision to grant the permanent injunction in this case, the Commissioner relied on State v. Payne, 633 So.2d 701 (La.App. 1st Cir.1993), writ denied, 94-0291 (La.6/3/94), 637 So.2d 497. In Payne, 633 So.2d at 703, this court held that requiring a defendant to register as a sex offender pursuant to La. R.S. 15:540-549 was an unconstitutional violation of the ex post facto provisions of the United States and Louisiana Constitutions when the offenses at issue occurred prior to the effective date of these statutory provisions. The Payne court stated that the prohibition against ex post facto laws "extends to the enforcement of any enactment which changes the punishment to inflict a greater penalty than that authorized for the crime at the time of its commission." Payne, 633 So.2d at 702. Because a sex offender's failure to register under La. R.S. 15:540-549 exposes him to additional penalties, including a fine, imprisonment, or both, the Payne court determined that La. R.S. 15:540-549 did in fact inflict a greater penalty than that authorized for the crime at issue (indecent behavior with a juvenile) when it was committed. Therefore, this court refused to impose the later-enacted registration requirements of La. R.S. 15:540-549 on Payne. The court went on to state that the same result would exist had the registration requirement been imposed under La.C.Cr.P. art. 895(H) (which also contains sex offender registration requirements as a condition of probation), instead of La. R.S. 15:540-549, because La.C.Cr.P. art. 895(H) had also become effective after the date of the offenses at issue. Payne, 633 So.2d at 703.
In later cases, this court has consistently followed the reasoning of Payne to strike down attempts by the State to require a sex offender to register as such as a condition of probation pursuant to La.R.S. 15:540-549 and La.C.Cr.P. art. 895(H) when the offense at issue was committed prior to the effective date of the registration statutes. See State v. Calhoun, 94-2568 (La.App. 1st Cir. 2/23/96), 669 So.2d 1359, 1362 (regarding La. R.S. 15:540-549 only); State v. Linson, 94-0061 (La.App. 1st Cir. 4/7/95), 654 So.2d 440, 446, writ denied, 95-1120 (La. 9/22/95), 660 So.2d 470 (regarding La.R.S. 15:540-549 and La.C.Cr.P. art. 895(H)); and State v. Babin, 93-1361 (La.App. 1st Cir. 5/20/94), 637 So.2d 814, writ denied, 94-1563 (La.10/28/94), 644 So.2d 649 (regarding La.C.Cr.P. art. 895(H) only).
In the present case, it is undisputed that the offenses committed by Lee occurred before June 18, 1992, the effective date of La. R.S. 15:542. Therefore, we are constrained to follow the reasoning of State v. Payne and its progeny with regard to the requirements of La.R.S. 15:542. However, in the instant case, Lee was ordered to register as a sex offender pursuant to La.R.S. 15:542 and to give notice of such pursuant to La.R.S. 15:574.4(H). Therefore, we must decide whether the same result is mandated with regard to the notification requirements of La.R.S. 15:574.4(H).
Louisiana Revised Statute 15:574.4(H) is contained in the section of Title 15 providing for parole. Lee's "good time" release pursuant to La.R.S. 15:571.5 is "as if released on parole" and La.R.S. 15:571.5(A)(2) specifically mandates that the notification requirements of La.R.S. 15:574.4(H)(2)(a), (b), and (3) apply in a situation such as that presented in Lee's case. Further, La.R.S. 15:574.4(Q) provides that a person, otherwise eligible for diminution of sentence for good behavior, who has been convicted of one of a list of enumerated sex offenses, including those at issue herein, shall comply with La.R.S. 15:574.4(H)(2) and (3). Although it is undisputed that the offenses *1023 committed by Lee occurred before August 21, 1992, the effective date of La.R.S. 15:574.4, we have found no cases from the supreme court or this circuit which address the enforceability of sex offender registration or notification requirements imposed on a defendant as a condition of parole, or a release "as if" on parole (rather than as a condition of probation), when the offenses at issue were committed prior to the effective date of the statute.
This issue has been addressed, however, by the Louisiana Fifth Circuit Court of Appeal in State v. Sorrell, 95-136 (La.App. 5th Cir. 5/10/95), 656 So.2d 1045, writ denied, 95-1268 (La. 6/30/95), 657 So.2d 1035. In distinguishing between the requirements of La. R.S. 15:542 and 15:574.4, the Sorrell court noted that, unlike La.R.S. 15:542, La.R.S. 15:574.4 does not create a new offense for a sex offender's failure to comply.[4] Rather, La.R.S. 15:574.4 creates an additional condition of release on parole for diminution of sentence, such as a good time release. Sorrell, 656 So.2d at 1047. Among the consequences of the failure to comply with this condition is revocation of the parole, or, as in this case, revocation of the release "as if" on parole. La.R.S. 15:574.7. Therefore, a sex offender who fails to comply with the notification requirements of La.R.S. 15:574.4 is subject only to a return to prison to complete the full term of imprisonment to which he was originally sentenced; he is not subject to a greater penalty than that authorized for his crime at the time of its commission. Thus, the requirements of La.R.S. 15:574.4 do not violate the federal and state constitutional prohibitions against ex post facto laws.
Based on the foregoing, we conclude, as did the Sorrell court, that the law in effect at the time of a prisoner's release governs the terms of that release, rather than the law in effect at the time of the commission of the offense. Sorrell, 656 So.2d at 1047-1048. Accordingly, we find that, although the Commissioner correctly granted the permanent injunction against the Department, prohibiting the imposition of the registration requirements of La.R.S. 15:542 upon Lee, she erred in granting the injunction insofar as it prohibited the imposition of the notification requirements of La.R.S. 15.574.4.

DECREE
For the foregoing reasons, the judgment of the Commissioner is AFFIRMED IN PART and REVERSED IN PART. It is AFFIRMED insofar as it prohibits the imposition of the La.R.S. 15:542 sex offender registration requirements upon Lee. It is REVERSED insofar as it prohibits the imposition of the La.R.S. 15:574.4(H) sex offender notification requirements upon Lee. This removes any impediment to the imposition of the requirements of La.R.S. 15:574.4(H) as a condition of Lee's parole. Costs of this appeal are assessed equally to the Department and to Lee.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] Judge J. Michael McDonald, Nineteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Louisiana Revised Statute 15:571.5 reads, in pertinent part, as follows:

§ 571.5 Supervision upon release after diminution of sentence for good behavior; conditions of release; revocation
A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.
(2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the board to establish such conditions as provided in R.S. 15:574.4(H) as may be reasonably necessary to facilitate supervision. If diminution of sentence is not prohibited by R.S. 15:571.3(C)(1) and the sentence is for a sexual offense as enumerated in R.S. 15:574.4(H)(2), then the provisions of R.S. 15:574.4(H)(2)(a) and (b) and (3) apply.
* * * * * *
B. (2) The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole.... If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.
[3] According to the judgment granting the permanent injunction, "[a]ll parties consented to the adjudication of this matter by the Commissioner in open court." See La.R.S. 13:713(E)(1).
[4] According to La.R.S. 15:542(F), a person who fails to register as required by § 542 shall be fined, or imprisoned, or both.