699 So.2d 510 (1997)
STATE of Louisiana
v.
Dwayne BRINSON.
No. 97-K-1471.
Court of Appeal of Louisiana, Fourth Circuit.
September 3, 1997.
*511 Harry F. Connick, District Attorney, Suzanne Dickey, Assistant District Attorney of Orleans Parish, Annelise Strader, Law Clerk, New Orleans, for State/Realtor.
Cherrilynne W. Thomas, Orleans Indigent Defender Program, New Orleans, for Defendant/Respondent.
Before BARRY, KLEES and LANDRIEU, JJ.
BARRY, Judge.
Defendant was convicted of attempted possession of cocaine, La.R.S. 40:967(C) (14:27), and sentenced to eighteen months at hard labor. The State filed a multiple bill predicated upon a 1984 conviction and the trial court granted defendant's motion to quash. The State seeks review of that decision.
According to the multiple bill, the bill of information on his second felony was filed on July 19, 1996; he previously pleaded guilty to cruelty to a juvenile under La.R.S. 14:93 on December 10, 1984. Prior to 1994 La.R.S. 15:529.1(C) provided that the multiple offender section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions and the time of the commission of the last felony for which the defendant has been convicted. By La. Acts 1994, 3rd Ex. Sess. No. 85 Subsection C was amended to increase the cleansing period to seven years. La. Acts 1995, No. 839 § 1 amended Subsection C to increase the cleansing period to ten years.
U.S. Const. art. I, § 10 and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the State. To fall within the prohibition the law must apply to events occurring before its enactment and it must disadvantage the defendant affected by it. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
The trial court relied upon the United States Supreme Court case of Lynce v. Mathis, ___ U.S. ___, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) and concluded that changing the time span of the cleansing period on a multiple bill constituted an ex post facto law and quashed the multiple bill. Lynce involved the Florida scheme of authorizing early release credits to prison inmates when the state prison population exceeded predetermined levels. Lynce was released after serving six years of a 22-year sentence for attempted murder due to those credits. Thereafter, the Florida Attorney General issued an opinion interpreting a 1992 statute as retroactively canceling all provisional credits awarded to inmates convicted of murder and attempted murder. Lynce was rearrested *512 and returned to custody. He filed a habeas corpus petition alleging that the retroactive cancellation of those credits violated the Ex Post Facto Clause. Lynce was actually awarded 1,860 days of provisional credits and then those credits were retroactively canceled as a result of an interpretation of the 1992 amendment to the overcrowding statute. The 1992 amendment made Lynce (and others in the class of prisoners previously eligible for provisional credits) ineligible for early release. It therefore violated the ex post facto clause.
The State argues that this case is controlled by State v. Rolen, 95-0347 (La. 9/15/95), 662 So.2d 446 which involved the DWI enhanced offense statute, La.R.S. 14:98. There the defendant was convicted of a second offense DWI. His second offense occurred after the five year cleansing period (applicable at the time of his first offense) had elapsed. The Supreme Court noted that cleansing periods are purely statutory rules constituting self-imposed restraints on the state's plenary power to define and punish crimes. For purposes of analyzing the ex post facto implications of repeat offender statutes, the relevant offense is the current crime, not the predicate crime. "Enlarging or even eliminating a cleansing period does not require that an individual to defend his past acts charged against him, for which he has already been convicted and punished, but to measure his future conduct in light of the legislature's changing perception of significant social problems." Id. at 449. The amendment did not eliminate any defense available under the law existing when the defendant committed his second DWI offense, the only relevant crime for purposes of the analysis. At the time of his arrest on the second crime, the defendant had been placed on notice that the definition of the prior conviction had changed and he could no longer rely on the former decreased cleansing period. Id.
The reasoning of Rolen has been held to apply to the habitual offender statute, La. R.S. 15:529.1. Because the extended cleansing period does not increase the punishment for an offense after a defendant commits a crime, it is not an ex post facto application of the law. The extended cleansing period is not fundamentally unfair to a defendant. State v. Boykin, 29,141 (La.App. 2 Cir. 1/31/97), 688 So.2d 1250.
The holding in Lynce, ___ U.S. at ___, 117 S.Ct. at 891, which involved the retrospective cancellation of provisional early release credits for a defendant who had already been released (and was re-arrested and placed in custody), does not mandate a different result in Rolen, 662 So.2d 446, which involved the application of a extended cleansing period under the repeat offender statute. The 1995 amendment to the statutory cleansing period did not eliminate any defense available under the law existing when the defendant committed his second offense in 1996, the only relevant crime for purposes of this analysis. At the time of his arrest in 1996 he had been placed on notice by the state that the cleansing period had changed and he could no longer rely on the former five year cleansing period which was applicable in 1984 at the time of his first crime. There was no violation of the Ex Post Facto Clause.
We therefore grant the State's writ application and reverse the trial court's grant of the motion to quash the multiple bill. The matter is remanded for a multiple offender hearing and sentencing.
WRIT GRANTED; REVERSED; REMANDED.