706 So.2d 491 (1997)
STATE of Louisiana
v.
Larry ROACH.
No. 97-K-1852.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1997.
*492 Harry F. Connick, District Attorney, Matthew Coman, Erin Casey, Assistant District Attorneys, Norman Comeaux, Law Clerk, New Orleans, for State/Relator.
Before LOBRANO, PLOTKIN and CIACCIO, JJ.
CIACCIO, Judge.
Defendant was charged by bill of information with possession of stolen property, a violation of LSA-R.S. 14:69(B), and possession of cocaine, a violation of LSA-R.S. 40:967(C)(2). Following a trial on the cocaine charge, the defendant was found guilty as charged. He later pled guilty to the possession of stolen property charge. The trial court sentenced the defendant to one year at hard labor on each count to run concurrently. The State filed a multiple bill and the trial court found the defendant not guilty as a multiple offender. The State seeks review of that decision.
According to the multiple bill hearing transcript, defendant had previously pled guilty to simple burglary on December 23, 1985, in case number 85-2540 in 24th Judicial District Court in Jefferson Parish. Prior to 1994, LSA-R.S. 15:529.1(C) provided that the multiple offender section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions and the time of the commission of the last felony for which the defendant has been convicted. By La. Acts 1994, 3rd Ex.Sess. No. 85 Subsection C was amended to increase the cleansing period to seven years. La. Acts 1995, No. 839, Sec. 1 amended Subsection C to increase the cleansing period to ten years.
U.S. Const. art. I, Sec. 10 and La. Const. art. I, Sec. 23 prohibit ex post facto application of the criminal law by the State. To fall within the prohibition the law must apply to events occurring before its enactment and it must disadvantage the defendant affected by it. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
The State argues that the trial court erroneously found the defendant not to be a multiple offender on the grounds that the Ex Post Facto clause prohibits the use of the ten-year cleansing period under LSA-R.S. 15:529.1 because the five-year cleansing period in effect at the time of the defendant's prior conviction had elapsed before the instant offense was committed.
In support of its argument, the state relies on the case of State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446, which involved the DWI enhanced offense statute, LSA-R.S. 14:98. There the defendant was convicted of a second offense DWI. His second offense *493 occurred after the five year cleansing period (applicable at the time of his first offense) had elapsed. The Supreme Court noted that cleansing periods are purely statutory rules constituting self-imposed restraints on the state's plenary power to define and punish crimes. For purposes of analyzing the ex post facto implications of repeat offender statutes, the relevant offense is the current crime, not the predicate crime. "Enlarging or even eliminating a cleansing period does not require an individual to defend his past acts charged against him, for which he has already been convicted and punished, but to measure his future conduct in light of the legislature's changing perception of significant social problems." Id. at 449. The amendment did not eliminate any defense available under the law existing when the defendant committed his second DWI offense, the only relevant crime for purposes of the analysis. At the time of his arrest on the second crime, the defendant had been placed on notice that the definition of the prior conviction had changed and he could no longer rely on the former decreased cleansing period. Id.
The reasoning of Rolen was held to apply to the habitual offender statute, LSA-R.S. 15:529.1. Because the extended cleansing period did not increase the punishment for an offense after a defendant commited a crime, it was not an ex post facto application of the law. The extended cleansing period was not fundamentally unfair to the defendant. State v. Boykin, 29,141 (La.App. 2 Cir. 1/31/97), 688 So.2d 1250.
Furthermore, in State v. Brinson, 97-1471 (La.App. 4th Cir. 9/3/97), 699 So.2d 510, we recently held that the cleansing period in effect at the time of the latest offense controlled for purposes of LSA-R.S. 15:529.1 and the application of the current cleansing period did not violate the Ex Post Facto clause.
In the instant matter, the 1995 amendment to the statutory cleansing period did not eliminate any defense available under the law existing when the defendant committed the possession of stolen property and cocaine possession offenses in 1996, the only relevant crimes for purposes of this analysis. At the time of his arrest on April 28, 1996, defendant had been placed on notice by the State that the cleansing period had changed and he could no longer rely on the former five-year cleansing period which was applicable in 1985 at the time of his first conviction. There was no violation of the Ex Post Facto clause.
Accordingly, we grant the State's writ application and reverse the trial court's ruling that defendant was not a multiple offender. The matter is remanded for a multiple offender hearing and sentencing.
WRIT GRANTED;
REVERSED AND REMANDED.
PLOTKIN, J., dissents.
PLOTKIN, Judge, dissenting.
At the time of defendant's prior conviction, La.R.S. 15:529.1 provided a cleansing period of five years after completion of the sentence, during which time commission of any felony could have subjected the defendant to a multiple offender sentence for the subsequent felony. This law was in effect when the defendant completed his sentence and the five-year cleansing period. Yet, the amended ten year cleansing period has been applied ex post facto and the defendant has been adjudicated a recidivist.
A penal law is applied ex post facto if it is applied to the precipitating event retroactively and it disadvantages the defendant. Here, the defendant has been disadvantaged by a law enacted after the relevant event. Specifically, the pertinent "event" in this case is the date which marks the fifth anniversary from the defendant's completion of his sentence for the predicate offense. On that date, the defendant was completely "cleansed" of that conviction being used against him in a multiple bill at a later date. The conviction for multiple bill purposes had prescribed. However, through legislative amendment, the defendant is suddenly subjected to enhanced punishment because the cleansing period has been increased from five years to seven years, and finally to ten years.
The majority relies on State v. Rolen, 95-0347 (La. 9/15/95), 662 So.2d 446, to support the contention that this is not an ex post *494 facto application of a criminal statute. That case involved the application of a new and longer cleansing period as it pertains specifically to the driving while intoxicated statute. The Louisiana Supreme Court maintained that the fair notice requirement of the due process clause established by the United States Supreme Court in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) was met by the new amendment because the defendant received notice of the increased cleansing period at the time of arrest for the second offense. Obviously, once a person is arrested, informing him or her at that time of the extended cleansing period is too little too late. Rather, the relevant notice is given at the time of a defendant's first conviction. In the instant case, defendant was notified that La.R.S. 15:529.1(C) provided that after five years, he would be "cleansed" if he remained free of any further convictions; and that after those five years, any subsequent conviction would be registered on a clean slate.
At some point, the ability to use a defendant's past acts to enhance punishment of subsequent crimes must expire. If a defendant's statutory cleansing period of five years were to end in 1993, and the legislature extended it to seven years in 1994, then ten years in 1995, then twenty years in 1998, and so forth, the defendant could be subject to multiple offender enhancement of sentence for an indefinite period of time and thus be robbed of all opportunities to put his past acts to rest. The amended statute should not apply to those who have been "cleansed" prior to its enactment.
Thus, I believe that by applying the multiple offender statute retroactively, a prescribed event is being used to enhance a subsequent penalty, thus stealing from a defendant the vested right to be considered a "first offender" after successfully completing the five year cleansing period.