764 So.2d 1139 (2000)
STATE of Louisiana
v.
Marvin J. HUTCHINSON.
Nos. 99-KA-0034, 99-KA-0035.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2000.
*1140 Packard E. Phillips, Eveline Davis and Phillips, New Orleans, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY).
KIRBY, Judge.
On January 8, 1996, the defendant, Marvin Hutchinson, was charged in case # 184-473 with one count of indecent behavior with a juvenile. On the same date, he was charged in case # 184-474 with one count of oral sexual battery on the same victim listed in case # 184-473. At his arraignment on both cases, he pled not guilty. However, on June 4, 1996, he withdrew his plea of not guilty in case # 184-474 and pled guilty as charged. On the same date, the State nolle prosequied the charge in case # 184-473. On November 25, 1996, the court sentenced the defendant in case # 184-474 to seven years at hard labor, suspended, and placed him on five years active probation with special conditions, one of which was to comply with the notice requirements of La.C.Cr.P. art. 895(H).
On May 20, 1997, the defendant filed a "Motion and Incorporated Memorandum in Opposition to Probation Officer Recommendation" wherein he objected to having to comply with the notice requirements of art. 895(H). The court denied this motion on May 22nd. On June 13th, the defendant filed a notice of appeal from this ruling[1], but there is no indication the trial court granted the appeal. Instead, on June 24th he filed a notice of intent to file for post conviction relief and motion to stay the execution of sentence. The court granted the motion to stay on June 30th. The application was filed on October 24, 1997. The matter was set for January 1998, but there is no indication if a hearing was ever held or if the trial court ever ruled on the application. On April 13, 1998, the defendant then filed a motion to correct illegal sentence, based upon his claim that the imposition of the notice requirements of art. 895(H) violated the ex post facto clauses of the United States and Louisiana constitutions. The trial court denied the motion on June 16th, and on July 8th the court granted an appeal from this ruling.
The facts of the case are unknown because the defendant pled guilty. In any event, they are not pertinent to the issue raised in this appeal.
Initially, we note that the ruling from which the defendant seeks relief is not really an appealable judgment; his avenue of review is by way of writ. Therefore, *1141 we hereby convert this "appeal" to an application for supervisory writs. The defendant first raised the issue in this case in an application for post conviction relief. Generally, sentencing errors cannot be raised in an application for post conviction relief. See State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. However, the defendant's claim is permitted under La.C.Cr.P. art. 930.3, which provides in part: "If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds: ... (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana."
By his sole argument, the defendant contends the trial court erred by compelling him to comply with the notice requirements of La.C.Cr.P. art. 895(H), as a condition of his probation. He asserts that because this provision was enacted after the date of the offense in this case, the application of this provision to his sentence violates the ex post facto clauses of the United States and Louisiana constitutions. The original notice provisions of art. 895(H) were added in 1992. The offense to which the defendant pled guilty occurred in 1990.
At sentencing, the trial court ordered that the defendant must comply with the notice provisions of La.C.Cr.P. art. 895 as a condition of probation. Art. 895 lists the conditions a defendant must meet to remain on probation. Subpart (H) in its present form provides in pertinent part that with respect to certain offenses, one of which is the crime to which the defendant pled guilty, the offender upon being released on probation must provide notice of his name, address, and nature of his conviction to people who live within a certain distance from his residence. He must also provide notice and recent photographs to both the superintendent of the school district in which he will reside and to the superintendent of any park, playground, or recreational district in which he will reside. Such notice must be twice published in a newspaper. He is also obligated to state under oath where he will be residing and must inform the court of any subsequent change of address during his probation.
Although this circuit has not ruled on issue of whether a defendant can be compelled to comply with the notice provisions of C.Cr.P. art. 895(H) when the date of his offense was before the enactment of those notice provisions[2], the First Circuit has agreed with the defendant's position. See: State v. Payne, 633 So.2d 701 (La.App. 1 Cir.1993), writ denied, 94-0291 (La.6/3/94), 637 So.2d 497; State v. Babin, 93-1361 (La.App. 1 Cir. 5/20/94), 637 So.2d 814, writ denied, 94-1563 (La.10/28/94), 644 So.2d 649; and State v. Linson, 94-0061 (La.App. 1 Cir. 4/7/95), 654 So.2d 440, writ denied, 95-1120 (La.9/22/95), 660 So.2d 470. We respectfully disagree with the First Circuit on this issue and hold that the notice provisions of art. 895(H) can be applied to conduct that occurred prior to the effective date of that article.
In State v. Sorrell, 95-136 (La.App. 5 Cir. 5/10/95), 656 So.2d 1045, writ denied, *1142 95-1268 (La.6/30/95), 657 So.2d 1035, the defendant was ordered to comply with the registration and notice requirements of La. R.S. 15:540 et seq. as well as with the similar notice requirements of La. R S. 15:574.4 in order to be released upon earning good time credits. The court first noted that the application of La. R.S. 15:542 might very well be considered to be ex post facto in the defendant's case because that provision imposed a penalty for failure to comply (a fine or imprisonment).[3] The court further found, however, that the provisions of La. R.S. 15:574.4, which dealt solely with the conditions of a defendant's release for the earning of good time credits, did not comprise an ex post facto violation of the defendant's constitutional rights. The court noted: "The law in effect at the time of a prisoner's release governs the terms of that release, rather than the law in effect at the time of the commission of the offense against the law in effect at the time of entry into the good time credits program. Bancroft v. Louisiana Dept. of Corr., 93-1135 (La.App. 1 Cir. 4/8/94), 635 So.2d 738 citing State ex rel. Bickman v. Dees, 367 So.2d 283 (La. 1978)." Id. at p. 6, 656 So.2d at 1047-1048. Noting that the provisions of La. R.S. 15:574.4 relate only to the conditions for release on parole/good time and that Board of Parole is empowered to make rules for the conduct of those released on parole/good time credit, the court found that the application of La. R.S. 15:574.4 as it existed at the time of release did not violate the ex post facto clauses of the United States and Louisiana constitutions.
The First Circuit adopted this reasoning in Lee v. State, 96-0108 (La.App. 1 Cir. 9/27/96), 681 So.2d 1020, writ denied, 97-1016 (La.4/25/97), 692 So.2d 1099, and found that although the retroactive application of the registration and notice requirements of La. R.S. 15:540 et seq. violated the ex post facto clause, the notice requirements of La. R.S. 15:574.4 did not constitute an ex post facto violation and could be applied retroactively to cases where the offenses occurred before the notice provisions were enacted.[4] In Lee, the First Circuit noted that a sex offender who fails to comply with the notification requirements of La. R.S. 15:574.4 is subject only to a return to prison to complete the full term of the imprisonment to which he was originally sentenced; the sex offender is not subject to a greater penalty than that authorized for his crime at the time of its commission. Id. at p. 5, 681 So.2d at 1022. For that reason, the Court held that the requirements of La. R.S. 15:574.4 do not violate the federal and state constitutional prohibitions against ex post facto laws.
We agree with the reasoning expressed in the Sorrell and Lee cases and find that the application of the notice provisions of C.Cr.P. art. 895(H) to this defendant does not violate the ex post facto prohibitions of the United States and Louisiana constitutions. We find that the requirements of C.Cr.P. art. 895(H) are analogous to those of La. R.S. 15:574.4, rather than to those of La. R.S. 15:542. We further find that La. R.S. 15:542 is distinguishable from C.Cr.P. art. 895(H), in that R.S. 15:542 includes a separate penalty for failure to *1143 register under that statute. The provisions of article 895(H) are merely conditions upon which the defendant may be released on probation, rather than the imposition of a separate penalty. The defendant is not subject to a greater penalty than that authorized for his crime at the time of its commission.
For these reasons, the trial court's ruling is affirmed.
AFFIRMED.
PLOTKIN, J., Dissents With Reasons.
PLOTKIN, J., Dissenting With Reasons:
As the majority notes, its decision in this case conflicts with those rendered by the First Circuit in Payne and its progeny, which held that the notice provisions of La.C.Cr.P. art. 895(H) cannot be applied to persons, such as the applicant in the instant case, who committed their crimes prior to its effective date in 1992. Accordingly, it is hoped that the Louisiana Supreme Court will provide guidance and reconcile the circuits on this issue by reviewing the instant case.[1]
The predominant problem with art. 895(H) in this context is that, even if it is characterized merely as a probation statute, its effect is unquestionably to impose onerous, affirmative duties on persons who have committed certain crimes. But the state and federal constitutional prohibitions against ex post facto laws extend "to the enforcement of any enactment which changes the punishment to inflict a greater penalty than that authorized for the crime at the time of its commission." Payne, 633 So.2d at 702 (citing State v. Robinson, 423 So.2d 1053, 1063 (La.1982)). Or, as past opinions have stated, a law may be an ex post facto law if it alters the situation of an accused to his "disadvantage." See, e.g., State v. Loyd, 96-1805 (La.2/13/97), 689 So.2d 1321; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978); State v. Roach, 97-1852 (La. App. 4 Cir. 11/26/97), 706 So.2d 491.
The majority summarizes the things the applicant must do as conditions for the continuance of his probation, such as notifying a variety of persons of his whereabouts by various means. But the majority ignores that fact that, aside from the fact that requiring such acts impinges on defendant's liberty, the performance of the acts also necessarily requires defendant to spend money.
For example, art. 895(H)(1)(b)(i) requires the applicant to submit "two clear, recent photographs or a clear photocopy" of himself to the superintendent of the relevant school district. Art. 895(H)(1)(c)(i) has a similar requirement with regard to notifying the superintendent of the relevant recreation district. Both art. 895(H)(1)(b)(ii) and (c)(ii) explicitly state that these photographs "shall be provided by the defendant." It follows that the applicant will have to bear the cost of the film and development of the photographs.
Additionally, art. 895(H)(2)(a) provides that the applicant "give notice of the crime for which he was convicted, his name, and his address by mail to all people residing within the designated area [plus the relevant superintendents]." The "designated area" is either a one-mile radius from defendant's residence in a rural area or a three-square block area in an urban or suburban area. It follows that, particularly in the latter case, the applicant will have to bear the cost for a fair amount of stationary and postage. Art. 895(H)(2)(a) also requires publication of the notice "without cost to the state." Finally, art. 895(H)(4) provides that, under a particular set of circumstances, an offender must pay for counseling for a victim. While it is unclear that this provision is applicable in the instant case, it is clear that compliance *1144 with the provision could prove very expensive.
Considering art. 895(H) and the various other statutes discussed by the majority, it is clear that these notification provisions are intended to create a larger scheme of punishment for certain offenders, in which notification is a supplement to imprisonment or the threat of imprisonment. While notification is undoubtedly an important deterrent and protection for society, it was not part of the scheme of punishment for certain sex offenses prior to 1992. In 1990, the applicant did not have "fair warning" of the life-altering consequences to which he is presently being subjected. See State ex rel. Glover v. State, 660 So.2d at 1198. Because applicant did not have fair warning of these consequences, and because the change in the law works to his disadvantage, the constitutional provisions against ex post facto laws require that the applicant not be subjected to them.
Accordingly, I respectfully dissent.
NOTES
[1] He contended he did not receive notice of the denial of his motion until June 10th.
[2] We note that this court, in a recent unpublished opinion, held that the registration requirements of R.S. 15:542 cannot be applied to conduct that occurred prior to the effective date of that statute. State v. Joseph John Mills, III, unpub., 98-1889 (La.App. 4 Cir. 4/26/00), 761 So.2d 828. The reasons for the court's holding was that the penalties for failure to register subject the defendant to significant punishment that did not exist at the time he committed the offense for which he was convicted, therefore violating the ex post facto laws of Article 1, Sections 9 and 10 of the United States Constitution and Article 1, Section 23 of the Louisiana Constitution of 1974. We find that case distinguishable from the instant case in that the provisions of C.Cr.P. art. 895(H) are merely conditions upon which the defendant may be released on probation and do not impose a penalty of fine or additional imprisonment for failure to comply. The provisions of art. 895(H) do not subject defendant to a greater penalty than that authorized for his crime at the time of its commission and, therefore do not violate constitutional prohibitions against ex post facto laws.
[3] Indeed, in State v. Bishop, 96-694 (La.App. 5 Cir. 12/30/96), 686 So.2d 1053, the court subsequently found the retroactive application of La. R.S. 15:542 violated the ex post facto clause.
[4] We do not see any reason why the First Circuit differentiated between the imposition of the notice requirements for probation under La.C.Cr.P. art. 895(H) and the imposition of the notice requirements for good time release under La. R.S. 15:574.4. In both instances, the statute imposes a condition for release. In neither instance is there a separate penalty for failure to comply, as with the registration and notice requirements of La. R.S. 15:540 et seq.; instead, the failure to comply results in the revocation of probation or good time release. In any event, we agree with the First Circuit's reasoning in the Lee case, but disagree with their reasoning as to art. 895(H) expressed in the State v. Linson decisions cited above.
[1] I note that the Louisiana Supreme Court declined to exercise jurisdiction over each of the First Circuit's decisions related to this issue.