### Ex parte Michael Lee LOCKHART.

### No. 25669–01.

Court of Criminal Appeals of Texas, En Banc.

Nov. 22, 1993.

Mandy Welch, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

### *ORDER*

PER CURIAM.

This Court affirmed applicant's capital murder conviction and sentence of death on direct appeal. *Lockhart v. State,* 847 S.W.2d 568 (Tex.Cr.App.1992). The trial court has scheduled applicant's execution to be carried out on or before sunrise, November 23, 1993.

By the instant motion, applicant seeks a stay of execution in order to allow time for the Texas Resource Center to recruit an

attorney to represent him and prepare a post conviction application for writ of habeas corpus under Art. 11.07, V.A.C.C.P.

Applicant first presented his motion for a stay of execution to the convicting court. The trial court denied the relief requested after noting no colorable claim for habeas corpus relief is set forth in the motion and no effort has been made to invoke the trial court's jurisdiction. See Tex.R.App.Pro. Rule 233.

We find we do not have jurisdiction to grant the relief requested by applicant. The granting of such relief would in no manner tend to protect this Court's jurisdiction or enforce a judgment of this Court. See Tex. Const., Art. V, Sec. 5. Therefore, the relief sought is denied.

IT IS SO ORDERED.

OVERSTREET, J., dissents.

McCORMICK, Presiding Judge, concurs.

I join the Order of the Court denying applicant's motion for a stay of execution. However, to place this last minute motion in proper perspective, I hereby incorporate the Order of the trial court issued earlier this date in this concurrence.

APPENDIX

No. 88–CR–3197

In the 186th District Court

of Bexar County, Texas

State of Texas Vs.

Michael Lee Lockhart

### ORDER

This defendant has just filed a motion seeking to have this Court issue a stay of execution which is presently set for Tuesday, November 23, 1993. The defendant was convicted and sentenced to death on October 25, 1988.

This conviction was affirmed by the Texas Court of Criminal Appeals and rehearing was denied February 24, 1993. (847 S.W.2d 568). It appears that rather than seek habeas corpus relief after that date, the defendant

elected to file a direct petition with the United States Supreme Court which denied him relief on October 4, 1993. (114 S.Ct. 146; 62 L.Week 3247).

In his motion for stay, the defendant alleges that he desires to file a post conviction application for habeas corpus relief but that he has no counsel. He also alleges he has been assisted in his present claim by attorneys from the Texas Resource Center. The Court has also just received a letter from the Texas Resource Center dated November 17, 1993.

In that correspondence, Mandy Welch, Executive Director of the Texas Resource Center advised that "the Center should provide you with any information it believes to be relevant to the trial court in Mr. Lockhart's future proceedings." She further indicated the duty of the Center was "to recruit and assist counsel for death row inmates in state court."

Finally, she stated: "The existence of an imminent execution date makes it virtually impossible to recruit qualified counsel. Few attorneys will consider taking a case without some assurance that they can become familiar with the case and provide adequate representation before being faced with an execution date."

### ISSUE

**The issue that must be considered is whether the defendant has justified his request for a stay to enable counsel to be found to represent him or whether his current status is the result of a deliberate and calculated manipulation of the Texas criminal justice system.**

The defendant was represented on direct appeal by court appointed counsel, Mr. Doug Barlow. On December 17, 1992, Mr. Barlow informed Jeffrey Pokorak of the Texas Resource Center (TRC) that he would not file a motion for rehearing with the Texas Court of Criminal Appeals.

### FINDINGS OF FACT

The Court finds as facts based on affidavits furnished to the Court and made a part of this record:

1. On December 17, 1992, the same date Mr. Barlow indicated he would not seek rehearing before the Court of Criminal Appeals, Eden Harrington of TRC requested a 45 day extension of time in which counsel could be recruited and file a motion for rehearing. That extension was granted by the Court of Criminal Appeals until Feb. 1, 1993.

2. On January 14, 1993, TRC checked out the appellate record.

3. On February 2, 1993, a motion for rehearing was filed with the Court of Criminal Appeals by Stephanie L. Barclay.

4. On February 8, 1993, the defendant wrote to TRC.

5. On February 10, 1993, the defendant was visited by Phyllis L. Crocker of TRC. On every visit, TRC attorneys signed a form indicating they *"affirm that my visit with this inmate is for the purpose of assisting me in matters relating to the attorney-client or attorney-witness relationship and no other purpose."*

6. On February 11, 1993, TRC corresponded with the defendant.

7. On February 17, 1993, the defendant corresponded with TRC.

8. On February 23, 1993, TRC corresponded with the defendant.

9. On February 24, 1993, the Court of Criminal Appeals denied rehearing.

10. On February 24, 1993, TRC Corresponded with the defendant.

11. On March 23, 1993, TRC corresponded with the defendant.

12. On May 24, 1993, the defendant corresponded with TRC.

13. On May 25, 1993, the defendant filed a Cert. Petition with the United States Supreme Court, being represented by Daniel Givelber, 400 Huntington Avenue, Boston, MA 02115. The record does not reflect how Mr. Givelber came to be counsel, but the clear implication is that he entered the case through TRC. In his motion, the defendant states: "I was represented in the Supreme Court by Daniel Givelber. Mr. Givelber's representation was limited to my certiorari proceedings ..."

14. On July 2, 1993, this court scheduled execution for November 23, 1993. *The Court specifically provided almost 5 months for the defendant to initiate post-conviction proceedings.*

15. On July 13, 1993, the Institutional Division received the death warrant and notified the defendant.

16. On July 14, 1993, *the very next day,* the defendant was visited by Lynn Lamberty of TRC with whom he had previously corresponded on May 24, 1993. *Neither the defendant nor TRC took any action in the trial Court until almost 5 months thereafter and immediately prior to his scheduled execution date.*

17. On October 4, 1993, the Supreme Court denied relief.

18. On October 27, 1993, TRC corresponded with the defendant.

19. On November 5, 1993, the defendant was visited by Elizabeth Cohen of TRC.

20. On November 10, 1993, the defendant was visited by Lynn Lamberty of TRC.

21. On November 12, 1993, the defendant was visited by Lynn Lamberty of TRC.

22. On November 17, 1993, the defendant filed a pro-se motion for stay claiming he had no counsel or access to counsel.

23. On November 19, 1993, the TRC notified the court that Gregory Burr Macaulay of Washington D.C. was willing to undertake representation in this case subject to specified conditions:

—pay him $50 per hour

—pay for 7–10 trips to Texas for himself and either co-counsel or his paralegal

—appoint a second counsel at the same rate

—appoint a full time paralegal

—receive periodic payments monthly

—receive 180 days in which to file a petition for habeas corpus application

## CONCLUSIONS

Both the defendant and the Texas Resource Center have had more than ample time to recruit and obtain counsel to file an application for habeas corpus relief since his conviction was affirmed on February 24, 1993, 9 months have passed since that date. The Texas Resource Center located an attorney willing to represent the defendant just 2 days after filing the motion for stay.

The defendant and the Texas Resource Center have deliberately and intentionally manipulated access to habeas corpus review as a matter of strategy and not the result of legitimate misfortune.

The defendant has been in virtually constant contact with TRC even before this conviction was affirmed by the Court of Criminal Appeals.

Neither the defendant or TRC has requested the appointment of counsel in a period of almost 9 months. It is only on the very verge of execution that the defendant claims a need for help in representation—help that at least one lawyer was willing to give under certain conditions but ONLY on the eve of execution.

Further, nobody has even advanced a meritorious ground of relief that if found to exist would result in a beneficial ruling to the defendant.

No one has explained why nothing was done by either the defendant or TRC until days before his scheduled execution. No counsel was recruited nor is there any showing of any attempt at recruitment. No request for the appointment of counsel was advanced by the defendant. Yet during all of this time, the defendant and TRC were meeting and corresponding on a regular and frequent basis. *On each meeting, TRC attorneys affirmed that the visit was solely "related to the attorney-client ... relationship and for no other purpose."*

By waiting until shortly before execution to request counsel and a stay, both the defendant and TRC are dangling his life in a perilous maneuver deliberately contrived to pressure the legal system to delay his execution. The defendant is in an emergency he and TRC created, and this type of manipulation should not be permitted to prevail by any Texas or Federal Court.

The record does not support the TRC claim that their purpose is limited to recruitment of counsel. The record is full of instances where TRC, *when it elected to do so,* represented this defendant. TRC attorneys sought and received from the Court of Criminal Appeals, an extension to file a motion for rehearing. They obtained the appellate record. They frequently visited the defendant certifying on each occasions that the visit was in furtherance of the attorney-client relationship. And finally, they prepared and filed the defendant's "pro-se" application for stay and other related motions, acting at all times as his legal representative.

The status of TRC can not, like the tide, roll in and roll out when it suits their purpose. They either represent someone or they don't. If they don't, then they should not be heard on any issue as they have no standing. If they do, then they should be held to the same "effective representation" standards they so often use against others. And effective representation certainly requires that legal issues be addressed in a timely and orderly manner.

Their deliberate strategic plans have resulted in many other defendants receiving a stay. In fact, a stay under these circumstances has become virtually automatic and the expectations of defendants and TRC have been fulfilled. As long as courts continue to permit defendants and TRC to manipulate the orderly administration of justice, they will continue to successfully do so.

**This Court does not and will not approve of such dilatory actions that cause the disruption of our legal system. The motion for stay is hereby DENIED, and the Court further strongly urges that the Court of Criminal Appeals and the Federal Courts do likewise. To do otherwise will permit this type of sham to perpetuate, proliferate and continue to bring discredit and disrespect to our legal system.**

The clerk will immediately serve this notice by telephone and FAX to:

1. The Clerk of the Court of Criminal Appeals

2. The Clerk of the 186th District Court of Bexar County

3. The District Attorney of Jefferson County, Texas

4. The Attorney General of Texas

5. The Texas Resource Center

6. The Defendant

The Clerk will also immediately transmit all documents in this cause by Express Overnight Mail to the Clerk of the Court of Criminal Appeals.

Since this case originated in Jefferson County, the District Clerk of Jefferson County is ordered to perform all of the actions reflected in this Order.

Signed and entered November 22, 1993.

/s/ <u>Larry Gist</u>
Larry Gist,
Judge Presiding

Lockhart

| | |
|---|---|
| 10/25/88 | Conviction and Sentence |
| 12/2/92 | Court of Criminal Appeals—aff'd |
| 12/5/93 | Correspondence, Court Crim.App. to Lockhart |
| 12/10/92 | Correspondence, Barlow, appellate counsel, to Lockhart |
| 12/17/92 | Barlow informed Jeffrey Pokorak (TRC) that he would not file motion for rehearing. |
| 12/17/92 | Eden Harrington (TRC) requests 45 day extension of time in which to recruit counsel and file motion for rehearing. Extension until 2/1/93 granted by Court Crim.App. |
| 12/21/92 | Correspondence, Court Crim.App. to Lockhart |
| 1/14/93 | TRC checked out appellate records (–21) |
| 2/2/93 | Motion for rehearing filed in Court Crim.App. by Stephanie L. Barclay |
| 2/4/93 | Correspondence, Court Crim.App. to Lockhart |
| 2/8/93 | Correspondence, Lockhart to TRC |
| 2/10/93 | TRC (Phyllis L. Crocker) visit |
| 2/11/93 | Correspondence, TRC to Lockhart |
| 2/17/93 | Correspondence, Lockhart to TRC |
| 2/23/93 | Correspondence, TRC to Lockhart |
| 2/24/93 | Court Crim.App.—reh'g denied |
| 2/24/93 | Correspondence, TRC to Lockhart |
| 3/4/93 | Correspondence, Court Crim.App. to Lockhart |
| 3/19/93 | Correspondence, Virgil Clark, atty, Toledo, OH, to Lockhart |
| 3/23/93 | Correspondence, TRC to Lockhart |
| 3/26/93 | Correspondence, Court Crim.App. to Lockhart |
| 4/1/93 | Correspondence, Lockhart to Virgil Clark, atty, Toledo, OH |
| 5/24/93 | Correspondence, public defender of Indiana to Lockhart |
| 5/24/93 | Correspondence, Lockhart to TRC, Lynn Lamberty, |
| 5/25/93 | Supreme Court—Cert. petition filed by Daniel J. Givelber, 400 Huntington Ave, Boston, MA 02115 |
| 7/2/93 | Trial court—Order scheduling execution for 10/23/93 |
| 7/13/93 | S.O. Woods office received death warrant, Lockhart's custody status was changed because of scheduled execution. |
| 7/13/93 | Log book in death row office shows that Lockhart was notified of new execution date by Sgt Cabeen. |
| 7/14/93 | TRC (Lynn Lamberty) visit |
| 8/6/93 | Correspondence, public defender of Indiana to Lockhart |
| 8/9/93 | Correspondence, Lockhart to public defender of Indiana |
| 8/24/93 | Supreme Court—Brief in opposition filed |
| 9/1/93 | Correspondence, Lockhart to public defender of Indiana |
| 9/1/93 | Correspondence, Supreme Court of Florida to Lockhart |
| 9/2/93 | Correspondence, public defender of Indiana to Lockhart |
| 9/7/93 | Correspondence, Lockhart to public defender of Indiana |
| 9/17/93 | Correspondence, public defender of Indiana to Lockhart |
| 10/4/93 | Supreme Court—Cert. denied |

10/13/93 Correspondence, COCA (Court of Crim App) to Lockhart
10/27/93 Correspondence, TRC to Lockhart
11/1/93 Correspondence, Lockhart to TRC
11/5/93 TRC (Elizabeth Cohen) visit
11/10/93 TRC (Lynn Lamberty) visit
11/12/93 TRC (Lynn Lamberty) visit
11/17/93 Trial court (Bexar)—pro se motion for stay or modification of execution date to allow TRC to recruit counsel. Request 120 days to recruit, 120 days to file.

---

CLINTON, Judge, dissenting.

As the summary order of the Court indicates, this applicant is without counsel, yet is scheduled to be put to death at an early morning hour of Tuesday next. Thus, without benefit of counsel he is reduced to filing *pro se* his *first* post-conviction petition for a writ of habeas corpus and representing himself because this Court refuses to grant his motion to stay his impending execution so that the Texas Resource Center may recruit competent counsel to assist and to represent him.

I respectfully dissent, urging this Court to confront head on "the crisis stage in capital representation" in this State. The Spangenburg Group, *A Study of Representation of Capital Cases in Texas* (State Bar of Texas), at i–ii.

Meanwhile, we should consider the motion and supporting papers as pleadings in the nature of an application for extraordinary relief, thereby invoking the constitutional original jurisdiction of this Court under Article V, § 5, para. three, and as further prescribed by Article 4.04, § 1, V.A.C.C.P.

On that basis we should cause the Court to stay the scheduled execution of applicant.

Further, I would order and direct the judge of the convicting court below to recall its warrant of execution pursuant to Tex. R.App.Pro. 233; to exercise its authority to determine whether applicant is "indigent" within the meaning of Articles 26.04 and 26.05, V.A.C.C.P.; if so, to determine whether "the interests of justice" require that applicant have representation of counsel in a post-conviction habeas corpus proceeding; and, if so, to appoint competent counsel to aid and assist applicant in preparing and filing a petition for such writ of post-conviction habeas corpus in accordance with Article 11.07 and related provisions in Chapter Eleven, V.A.C.C.P., and to represent applicant in the resultant proceedings under Article 11.-07, including proceedings upon return of the writ and accompanying record to this Court.

With available assets at hand this Court and judges of convicting courts must utilize them to ease the current "crisis in capital representation." We should not be reluctant to preserve resort to postconviction remedies on account of some perceived fault in the representative of the party seeking benefits of those remedies.