**Ex parte Orien Cecil JOINER, Appellant.**

**No. 25981–01.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 1, 1994.

---

Mandy Welch, Austin, for appellant.

Travis S. Ware, Dist. Atty., Michael West, Asst. Dist. Atty., Lubbock, and Robert Huttash, State's Atty., Austin, for the State.

### ORDER

PER CURIAM.

This Court affirmed applicant's capital murder conviction and sentence of death on direct appeal. *Joiner v. State,* 825 S.W.2d 701 (Tex.Crim.App.1992). The trial court has scheduled applicant's execution to be carried out on or before sunrise, February 4, 1994.

By the instant motion, applicant seeks a stay of execution in order to allow time to recruit an attorney to represent him and prepare a post conviction application for writ of habeas corpus under Art. 11.07, V.A.C.C.P. Applicant has not seen fit to present his latest request for a stay of execution to the convicting court. Finally, the motion before this Court contains no colorable claim for habeas corpus relief.

We find we do not have jurisdiction to grant the relief requested by applicant. The granting of such relief would in no manner tend to protect this Court's jurisdiction or enforce a judgment of this Court. See Tex. Const., Art. V, Sec. 5; Ex parte Lockhart, 868 S.W.2d 346 (Tex.Crim.App.1993). The relief sought is denied without prejudice to the applicant to apply to the convicting court.

IT IS SO ORDERED.

McCORMICK, P.J., and BAIRD, J., not participating.

OVERSTREET, Judge, dissenting to order denying relief.

Applicant is a death row inmate with an execution date of February 4, 1994. Applicant, by and through the Texas Resource Center ("Center"), seeks to have this Court grant a stay of execution. It is urged that 120 days should be afforded in order to locate counsel and an additional 120 days should be afforded in order for counsel to prepare and file a post conviction application for writ of habeas corpus.

Applicant was convicted of the offense of capital murder on April 16, 1988. The conviction was affirmed on direct appeal. *Joiner v. State,* 825 S.W.2d 701 (Tex.Cr.App. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3044, 125 L.Ed.2d 729 (1993).

On August 5, 1993, the convicting court held a sentencing hearing. At that time the trial court set applicant's execution date for December 3, 1993, allowing 120 days in which to file an application for post conviction habeas relief. On November 30, 1993, in response to a request for a stay of execution from the Center, the trial court granted an additional 60 days in order to allow the Center an opportunity to locate counsel for applicant. The December 3, 1993, execution date was stayed and the trial court set the current execution date of February 4, 1994. The trial court on the same date refused applicant's request for court appointed counsel and stated it would not grant any further extension beyond the 60 day extension.

In *Ex parte Lockhart,* 868 S.W.2d 346 (Tex.Cr.App.1993) (Overstreet, J., dissenting), this Court held it does not have jurisdiction to grant the type of relief requested by applicant. The granting of such relief would in no manner tend to protect this Court's jurisdiction or enforce a judgment of this Court.

A majority of this Court once again denies relief sought by a Texas death row inmate who is facing execution and is unrepresented by a lawyer. The majority by denying the requested relief (a stay of execution) follows established precedent that allows it to do so. However such precedent does not absolutely mandate that it do so.

In my opinion the Texas legislature has failed to address the crisis of indigent unrepresented death row inmates who choose to avail themselves of the State habeas process. On direct appeal this Court is restrained to the trial record before it, such is not the case

on collateral attack via habeas corpus. As a practical matter an indigent death row inmate who is unrepresented by a lawyer is in danger of being executed without meaningful judicial review of matters outside the trial record. To me this risk is unacceptable and should be unacceptable to most. Suffice it to say, the problem exist because a lawyer at the habeas stage is not paid and those who are willing to work for free are few.

The request of applicant is simple: (1) grant additional time to find a lawyer who will work for free or; (2) prevail upon the trial court to exercise its discretion to appoint a lawyer. The State in its response indicates that it will not oppose the appointment of counsel and will also affirmatively join any request for the appointment of counsel. The State also correctly notes that the trial court should have the opportunity to consider applicant's request and exercise its discretion.

The issue should not be one of protecting this Court's jurisdiction or enforcing a judgment of this Court. The issue should be providing meaningful judicial review.

Because the majority by its order this day entered decides otherwise, I am compelled to dissent with the above comments.