686 So.2d 1053 (1996)
STATE of Louisiana
v.
Randy BISHOP.
No. 96-KA-694.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1996.
*1054 Frank Desalvo, Laura K. Gasiorowski, New Orleans, for Defendant/Appellant.
Jack M. Capella, District Attorney, Alison Wallis, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, for Plaintiff/Appellee.
Before GAUDIN, GOTHARD and DALEY, JJ.
DALEY, Judge.
Defendant, Randy Bishop, appeals his sentence following his guilty plea on charges of attempted forcible rape, a violation of LSA-R.S. 14:27:42.1. Defendant alleges that the sentence is an ex post facto application of the notification provisions of the Sexual Offender Law under LSA-R.S. 15:542 and thus violative of the United States and Louisiana Constitutions. For the reasons that follow, we vacate defendant's sentence and remand for resentencing.
Defendant pled guilty to attempted forcible rape that occurred on September 11, 1994. The victim was twenty-two years old at the time of the offense. In a companion case, defendant was charged with committing the crimes of sexual battery and oral sexual battery. On April 9, 1996, defendant appeared for sentencing and was sentenced to five years at hard labor, the sentence was suspended and defendant was placed on two years active probation. The trial court judge also stated that "... also, compliance is imposed in conformity with article 15:542, the sexual offender notification law...." Compliance with the Sexual Offender notification law was suspended for ninety days pending appellate review. The trial court then ordered a stay on the imposition of the sexual offender notification requirements pending this appeal. However, the sentencing transcript reveals the trial judge did not mention the offense of sexual battery in his acceptance of the guilty plea or in sentencing the defendant. This constitutes an error patent.
A review of the record reveals that the defendant's guilty plea was not entered in compliance with the terms of the plea agreement. In the waiver of rights form, the defendant stated that he was pleading guilty to the offenses of attempted forcible rape, oral sexual battery and sexual battery; however, during the plea colloquy, the trial court questioned the defendant as follows:
And you're pleading guilty today to attempt[ed] forcible rape in matter number 94-5519, and oral sexual battery, case *1055 number 94-5997 which occurred on the 11th day of September, 1994.
Under substantive criminal law, there are only two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. Lewis v. State Through Dept. of Public Safety and Corrections, 602 So.2d 68 (La.App. 1st Cir. 1992), writ denied, 604 So.2d 1312 (La.1992). Because a guilty plea will not be considered valid unless the plea is a free and voluntary choice on the part of the defendant, see State v. Nuccio, 454 So.2d 93 (La.1984), the defendant should be afforded the option of entering a plea of guilty to the all three offenses and being sentenced within the limits of the plea agreement, or of withdrawing his guilty plea and proceeding to trial on the charges. Therefore, defendant's plea to the offenses is hereby vacated and the case is remanded for further proceedings.
Additionally, it is noted that the trial court only imposed a single sentence despite the fact that the defendant pled guilty to multiple offenses. The trial court must impose a separate sentence for each offense for which the defendant was convicted. State v. Parker, 593 So.2d 414 (La.App. 1st Cir.1991). Therefore, patent sentencing error occurs when a trial court, in sentencing for multiple offenses, does not impose a separate sentence for each offense. State v. Soco, 94-1099 (La.App. 1st Cir. 6/23/95), 657 So.2d 603.
Concerning the merits of defendant's appeal, we note the trial court erred in requiring defendant to register as a sex offender under the provisions of LSA-R.S. 15: 542 that were not in effect at the time the offense was committed. This violates the constitutional prohibition on ex post facto application of laws. See State v. Calhoun, 669 So.2d 1359 (La.App. 1st Cir.1996); State v. Linson, 654 So.2d 440 (La.App. 1st. Cir.1996); State v. Payne, 633 So.2d 701 (La.App. 1 Cir.1993).
Accordingly, for the foregoing reasons, we vacate defendant's sentence and remand for resentencing.
SENTENCE VACATED, CASE REMANDED.