**REVISED**

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-50642
_____


MICHAEL LEE LOCKHART,

Petitioner-Appellant,

VERSUS

GARY JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

January 9, 1997

Before DAVIS, JONES and DUHÉ, Circuit Judges.

DAVIS, Circuit Judge:

Michael Lee Lockhart, a Texas death row inmate, seeks a certificate of probable cause (CPC) or a certificate of appealability (COA) to challenge the district court's dismissal of his habeas petition. Because Lockhart has not made a substantial showing of the denial of a constitutional right, we deny the COA.

I.

A.

Lockhart was indicted in Jefferson County, Texas, for the capital murder of Police Officer Paul Hulsey, Jr., in Beaumont,

Texas. Upon an agreed motion, venue was transferred to Bexar County, Texas. Lockhart was tried before a jury upon a plea of not guilty, and in October 1988, the jury found him guilty of capital murder. Following a separate punishment hearing, the same jury answered affirmatively the three special issues submitted pursuant to former Article 37.071(b) of the Texas Code of Criminal Procedure. The trial court then sentenced Lockhart to death.

Lockhart directly appealed his conviction and sentence to the Texas Court of Criminal Appeals, which affirmed the conviction and sentence in December 1992. Lockhart v. State, No. 70734 (Tex. Crim. App. Dec. 2, 1992).[1] Lockhart then petitioned the United States Supreme Court for writ of certiorari, which was denied in October 1993. Lockhart v. Texas, 114 S.Ct. 146 (1993).

In July 1993, the trial court scheduled Lockhart's execution for November 23, 1993. Six days before his scheduled execution, Lockhart filed in the trial court a pro se request for appointment of counsel and motion for stay of execution. The trial court denied Lockhart's requested stay. The Texas Court of Criminal Appeals affirmed the trial court's denial of a stay on the ground that no colorable claim for habeas relief had been asserted and, therefore, the trial court's jurisdiction to enter a stay had not been invoked. Ex parte Lockhart, 868 S.W.2d 346, 349 (Tex. Crim. App. 1993).

---

[1] A portion of the opinion was published. Lockhart v. State, 847 S.W.2d 568 (Tex. Crim. App. 1992).

In November 1993, Lockhart filed a pro se motion for appointment of counsel and a request for stay of execution in the U.S. District Court. The district court granted a stay of execution and appointed counsel. Counsel then filed a habeas petition. The Director filed his answer and motion for summary judgment and petitioner responded to the Director's motion. In July 1996, the district court granted the Director's motion for summary judgment and denied habeas relief.

In August 1996, the trial court scheduled Lockhart's execution for September 10, 1996. Lockhart then filed a notice of appeal, along with an application for certificate of probable cause to appeal and a motion to stay his execution pending appeal. We stayed Lockhart's execution pending this appeal.

B.

On March 22, 1988, Beaumont Police Officer Paul Hulsey, Jr. saw appellant driving a red Corvette with a Florida license plate in Beaumont, Texas. Officer Hulsey saw that appellant's passenger was a local drug dealer. When appellant saw the officer, he sped away. Officer Hulsey gave chase, but was unable to catch him. Later that evening, Officer Hulsey spotted appellant's red Corvette in a motel parking lot and learned that he was in the motel. Officer Hulsey went to appellant's motel room to arrest him, and Lockhart shot Officer Hulsey.

According to Lockhart's statement to police, when Officer Hulsey entered Lockhart's room, Lockhart knew Hulsey did not have a backup and he planned to get his gun and "get the drop on" the

3

officer. Hulsey apparently saw Lockhart's gun, because Hulsey ordered Lockhart to put his hands on the wall. Lockhart responded, "Why?" and Hulsey said "you have a gun." Lockhart continued to argue with Hulsey. Hulsey then unholstered his gun and Lockhart complied with his demand to place his hands on the wall. However, Lockhart placed his hands on the wall next to a mirror enabling him to see Hulsey's actions. When Hulsey walked up behind Lockhart and lowered his gun to put it in his holster,[2] Lockhart turned and hit Hulsey in the face. A fight ensued, and Hulsey's gun discharged. Lockhart, who had managed to obtain his gun in the struggle, shot Hulsey and then, after a brief time, he shot Hulsey again. Hulsey "begged" Lockhart not to shoot anymore. Lockhart grabbed his keys and money and left the room.

On August 18, 1988, after his trial had been proceeding for about two weeks, Lockhart was taken to the courtroom after lunch and was uncuffed as usual. Lockhart bolted for the window in the third-floor courtroom and dove through it. Lockhart was captured shortly afterwards and taken to a local hospital to be treated for his injuries.

II.

A.

Lockhart raised fifteen claims in the district court but he only raises challenges in this court to the district court's rejection of three of his claims. Two of the claims the petitioner

---

[2] As Lockhart was telling this, he reiterated that this was how Hulsey "really fucked up."

presents to us were expressly rejected by the Texas Court of Criminal Appeals on direct appeal. That court found no merit to Lockhart's argument that he was denied a fair trial when the trial court impermissibly had him shackled and handcuffed during the trial. The Texas Court of Criminal Appeals also denied relief to Lockhart on his claim that the trial court erred in granting Lockhart's request to leave the courtroom during a portion of the voir dire examination.

Lockhart presents a third claim to this court that has never been presented to the state court, and the Director has waived the exhaustion requirement. This claim is predicated on the fact that Lockhart's counsel--or his law firm--was actively representing the trial judge in an unrelated civil action. Lockhart argues that his trial counsel was ineffective in failing to either provide him with conflict-free representation, move for the recusal of the trial judge, advise Lockhart of the ongoing nature of counsel's representation of the trial judge, or offer to withdraw from petitioner's representation. We consider below our standard of review for Lockhart's claims and apply that standard to those claims.

B.

This court in Drinkard v. Johnson, 97 F.3d 751 (5th Cir. 1996), concluded that §§ 102 and 104 of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) applied to pending habeas cases. See also Moore v. Johnson, No. 95-20871, slip op. at 997-999 (5th Cir. Dec. 6, 1996) (explaining retroactive effect of

5

AEDPA). Section 1043 (to be codified at 28 U.S.C. § 2254(d)) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Interpreting that section in Drinkard, we concluded that subsection (d)(2) of § 2254 applied to a state court's factual determinations. We concluded that this subsection "permits federal court relief if the state court adjudication of the claim 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.'" *Drinkard*, 97 F.3d at 767 (quoting § 2254(d)). We held that subsection (d)(1) governed our review of questions of law and mixed questions of law and fact. The first clause of this subsection permits a federal court to grant habeas relief for legal error only if it determines that a state court's decision rested on a legal determination that was "contrary to . . . clearly established federal law as determined by the Supreme Court." Id. at 768. When reviewing a mixed question of law and fact, "a federal court may grant habeas relief only if it determines that the state court decision rested on "an

6

unreasonable application of clearly established federal law as determined by the Supreme Court" to the facts of the case. Id.

C.

The Texas Court of Criminal Appeals rejected, on the merits, Lockhart's arguments that the trial court erred in allowing Lockhart to be handcuffed and shackled in the presence of the jury and in allowing Lockhart to leave the courtroom during part of the voir dire.

With respect to Lockhart's first claim, restraining a disruptive defendant does not offend any clearly established Supreme Court precedent. On the contrary, the Supreme Court has expressly held that the use of such visible restraints is appropriate under certain circumstances. See Illinois v. Allen, 397 U.S. 337, 343-44 (1970). The decision to restrain an obstreperous defendant with visible restraints lies within the sound discretion of the trial judge. Id. The Texas Court of Criminal Appeals reasonably concluded that the trial court did not abuse its discretion in visibly restraining Lockhart. Lockhart had previously attempted a daring escape from the courthouse by bolting and diving through a closed third story window. Also, the trial court heard testimony that Lockhart had threatened to cause trouble for the deputies who escorted him to and from court. Additionally, Lockhart reacted to a ruling during a pretrial hearing by standing up and yelling obscenities and resisting the efforts of officers to control him and remove him from the courtroom. Thus, the Texas Court of Criminal Appeals' resolution of this claim does not offend

7

any clearly established Supreme Court precedent. Neither does its application of the law to the facts of this case represent an unreasonable application of that law. Lockhart has failed to make a substantial showing of the denial of a constitutional right with respect to this claim.

We now turn to Lockhart's claim that the trial court impermissibly conducted voir dire outside his presence. The trial court permitted Lockhart to leave the courtroom only after an insistent request by Lockhart to do so. The state court found that Lockhart was physically capable of remaining in the courtroom but voluntarily waived his right to be present.

Lockhart points to no clearly established Supreme Court precedent that prohibits criminal defendants from voluntarily waiving their presence during the jury selection process. Assuming that Supreme Court precedent exists which requires the state to permit a defendant who wishes to do so to be present during jury selection, here the defendant voluntarily left the courtroom knowing that he had the right to remain. The state court's rejection of Lockhart's claim under these circumstances is not an unreasonable application of the law to the facts. We are also persuaded that Lockhart has failed to make a substantial showing of the denial of a constitutional right with respect to this claim.

D.

Lockhart asserts finally that his counsel provided ineffective assistance because he had a conflict of interest in representing Lockhart when his counsel's law firm also represented the trial

8

judge in an unrelated civil action. As stated above, this claim was not presented to the state court, and the Director has waived the exhaustion requirement. Consequently, the AEDPA's provision altering our standard of review, when the petitioner's claim has been adjudicated on the merits by a state court, has no application to this claim. The district court rejected this claim as a matter of law. We review the district court's legal conclusions **de novo**. Lockhart argues that his counsel's conflict of interest resulted in him receiving ineffective assistance of counsel in a number of respects. He argues that counsel failed to provide him with conflict-free representation, to seek the disqualification of the trial judge, advise him of the nature of defense counsel's representation of the trial judge, or to withdraw from his representation. Lockhart argues that his trial counsel's failure to provide conflict-free representation created a per se conflict of interest under Cuyler v. Sullivan, 446 U.S. 335 (1980).

As the district court observed, we have not read Cuyler this broadly. In Beets v. Scott, 65 F.3d 1258 (5th Cir. 1995) (en banc), cert. denied 116 S.Ct. 1547 (1996), our en banc court determined that Cuyler is primarily reserved for the circumstance where counsel represents multiple clients with conflicting interests. We concluded that a petitioner asserting ineffective assistance of counsel claims predicated on some other conflict of interest must ordinarily satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). As in Beets, if we assume arguendo that petitioner's trial counsel

9

breached some duty to Lockhart by continuing to represent him while counsel's firm was representing the trial judge in an unrelated civil matter, that breach does not establish a per se violation of petitioner's Sixth Amendment right to effective assistance. To warrant federal habeas relief under Strickland, petitioner must demonstrate error by counsel that fell below an objective standard of reasonableness and that this error prejudiced his case. To establish the prejudice prong of Strickland, petitioner must show a reasonable probability that counsel's error changed the result of the trial. Strickland, 466 U.S. at 687, 694. We agree with the district court that Lockhart demonstrated no basis for a finding of prejudice. Petitioner does not specify any decision by defense counsel which was affected by his firm's representation of the trial judge on an unrelated matter. He also fails to cite any legal authorities on which counsel could have based a motion to disqualify the trial judge. In sum, petitioner fails to allege any steps his counsel took or failed to take as a result of this relationship that affected his defense. Because petitioner failed to allege facts from which a factfinder could infer that he was prejudiced from the relationship between the trial judge and his counsel's law firm, the district court correctly rejected Lockhart's ineffective assistance of counsel claims.

### III.

For the reasons stated above, we conclude that Lockhart has not made a substantial showing of the denial of a constitutional

10

right.    We therefore deny the certificate of appealability and vacate the stay of execution we entered earlier.