IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10529
Summary Calendar
_____

JOSÉ GUADALUPE CARMONA,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
(97-CV-118)
---------------------

May 25, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant José Guadalupe Carmona, Texas inmate # 663291, appeals the district court's dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. We granted a certificate of appealability (COA) on the issue whether trial counsel provided ineffective assistance by failing to cross-examine witness Brian Smith regarding the burglary charges that were pending against Smith at the time of Carmona's trial. We will not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider Carmona's contention that he was denied his rights under the Confrontation Clause because a COA was not granted on that issue. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

To establish ineffective assistance of counsel, Carmona must show that his lawyer's performance fell below an objective standard of reasonable competence (cause), and that he (Carmona) was prejudiced by counsel's deficient performance (prejudice). *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either cause or prejudice defeats the claim. *Strickland*, 466 U.S. at 697. To demonstrate prejudice, Carmona must show that counsel's deficient performance makes the result of the trial unreliable or renders the proceeding fundamentally unfair. *See Fretwell*, 506 U.S. at 372.

Because an ineffective-assistance-of-counsel claim is a mixed question of law and fact, *see Loyd v. Smith*, 899 F.2d 1416, 1425 (1990), Carmona must show that the adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" to obtain federal habeas relief. 28 U.S.C. § 2254(d)(1); *see Lockhart v. Johnson*, 104 F.3d 54, 56-57 (5th Cir.)(§ 2254(d)(1) governs this court's review of mixed questions of law and fact), *cert. denied*, 117 S. Ct. 2518 (1997). The state court's findings of fact are presumed correct, and Carmona has the burden of rebutting the presumption with "clear and convincing evidence." § 2254(e)(1).

The presumption of correctness applies to the historical facts underlying the ultimate conclusion of law in a state court's determination of a mixed question of fact and law. *See Sumner v. Mata*, 455 U.S. 591, 597 (1982).

Carmona's attorney challenged Smith's credibility and motive for testifying on cross-examination and impeached Smith's testimony. The state produced evidence of Carmona's guilt, including his own inculpatory statements, that was unrelated to Smith's testimony. The trial court instructed the jury that Smith was an accomplice and that it could not find Carmona guilty on Smith's uncorroborated testimony.

Carmona makes the speculative and conclusional assertion that if counsel had requested leave to admit evidence of Smith's pending burglary charges, the trial court would have admitted the testimony and the evidence would have affected the jury's determination. This is not sufficient to establish an ineffective-assistance claim. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992)(ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief).

Carmona also contends that counsel's failure to challenge the motion in limine at trial and failure to preserve the issue for direct appeal caused him prejudice. This is refuted by the state court's opinion on direct appeal. Carmona has not shown that counsel's performance caused "the result of the trial to be unreliable or rendered the proceeding fundamentally unfair." *Fretwell*, 506 U.S. at 372. Thus, as Carmona has not shown

3

prejudice, he has not established ineffective assistance of counsel. *See Strickland*, 466 U.S. at 697. As the *Strickland* test is disjunctive, we need not consider the cause prong further. The judgment of the district court is

AFFIRMED.