IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30870
(Summary Calendar)

_____

ROBERT YOUNG,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-3162-B)
- - - - - - - - - -
April 27, 2000

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Robert Young, Louisiana prisoner #
115638, was granted a certificate of appealability to question
whether the district court erred when, without conducting an
evidentiary hearing, it dismissed Young's equal protection claim of
race discrimination in the selection of the grand jury foreman in
Washington Parish, Louisiana.

As an initial matter, we address Respondent's argument that
Young is procedurally barred from raising the equal protection

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim because his pretrial motion to quash was not properly filed; specifically, that (1) it was not signed and dated by the clerk of court, (2) it was not set for a hearing by an order, and (3) the defense attorney waived the issue on the record. Respondent's argument challenges the district court's ruling, in its order denying Young's timely filed Fed. R. Civ. P. 59(e) motion, that Young had filed a pretrial motion to quash the indictment. As neither Young nor Respondent filed a notice of appeal from the court's order disposing of the Rule 59(e) motion, we lack jurisdiction to review the district court's order and, consequently, its ruling that Young had filed a motion to quash. See Fed. R. App. P. 4(a)(4)(B)(ii); Bann v. Ingram Micro, Inc., 108 F.3d 625, 626 (5th Cir. 1997); Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994); see also Castaneda v. Falcon, 166 F.3d 799, 780 (5th Cir. 1999)("we must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary.").

Regarding his equal protection claim, Young argues that the district court's ruling (that his claim was foreclosed by his subsequent conviction by a petit jury) is contrary to controlling Supreme Court decisions. We have jurisdiction over this claim because Young filed a timely and effective notice of appeal from the district court's order and reasons, which held, in the alternative, that Young's equal protection claim was foreclosed under Campbell v. Louisiana, 523 U.S. 392, 400 (1998) (Justices

2

Thomas and Scalia, concurring in part and dissenting in part). See Fed. R. App. P. 4(a)(4)(B).

As the state habeas courts did not adjudicate the merits of Young's equal protection claim, the deferential standards of review established by the Antiterrorism and Effective Death Penalty Act of 1996 do not apply. Fisher, 169 F.3d at 300. Federal review of legal issues is de novo. Lockhart v. Johnson, 104 F.3d 54, 57 (5th Cir. 1997).

Although most constitutional errors can be harmless, the Supreme Court has long held that racial discrimination in the selection of the grand jury is a structural error subject to automatic reversal. See Neder v. United States, 527 U.S. 1, 119 S. Ct. 1827, 1833 (1999) (citing Vasquez v. Hillery, 474 U.S. 254, 260-61) (1986)). Young's subsequent conviction by a petit jury did not "purge[] any taint attributable to the indictment process." Vasquez, 474 U.S. at 260-61. The district court's conclusion that Young's equal protection claim was foreclosed by his subsequent conviction by a petit jury was thus reversible error. Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings.

VACATED AND REMANDED.