**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-30101

MICHAEL D. MOORE,

Petitioner-Appellant,

VERSUS

AVOYELLES CORRECTIONAL CENTER, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

June 25, 2001

Before DUHÉ, PARKER, Circuit Judges, and Lindsay[1], District Judge.

DUHÉ, Circuit Judge:

In this case, Appellant, a sex offender, contends that Louisiana violated the Constitution's proscription of ex post facto laws by subjecting him to a sex offender neighborhood notification law enacted after his conviction and sentencing for indecent behavior with a juvenile. For the following reasons, we affirm.

BACKGROUND

In 1994, Appellant Michael D. Moore pleaded guilty in Louisiana state court to indecent behavior with a juvenile. The court sentenced him to five years' imprisonment, then suspended his sentence and placed him on probation. A condition of Moore's

---

[1] District Judge of the Northern District of Texas, sitting by designation.

probation was that

he register with law enforcers in the parish of his residence per the Louisiana sex offender registration statute, La. R.S. 15:542.

In 1995, the Louisiana Legislature amended the sex offender registration statute. As amended, the statute requires a sex offender placed on probation to notify his neighbors of his residence and his sex offender status. In 1996, a Louisiana court revoked Moore's probation and made executory his sentence because Moore failed to comply with the amended statute's neighborhood notification requirement. Moore successfully appealed the revocation to the Louisiana Third Circuit Court of Appeals. Louisiana then appealed to the Louisiana Supreme Court. The Louisiana Supreme Court reinstated the revocation of Moore's probation.

Moore subsequently filed a petition for writ of habeas corpus, arguing that, as applied to him, Louisiana's neighborhood notification requirement was a constitutionally prohibited ex post facto law. Citing cases from the Second, Third, and Ninth Circuits holding that sex offender neighborhood notification requirements do not constitute "punishment" violating the constitutional proscription of ex post facto laws, the magistrate judge recommended dismissal of Moore's habeas petition. The district court adopted the magistrate judge's recommendation and dismissed

2

Moore's habeas petition.  Moore appeals.

DISCUSSION

Louisiana's sex offender neighborhood notification law does not violate the Constitution's proscription of ex post facto laws. Article I, § 10 of the Constitution prohibits the states from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (citations omitted).  Courts apply an "intent-effects" test to determine whether a law imposes "punishment" violating the Ex Post Facto Clause.  The "intent-effects" test has courts ask whether 1) the legislature intended the sanction to be punitive, and 2) the sanction is "so punitive" in effect as to prevent courts from legitimately viewing it as regulatory or civil in nature.  United States v. Ursery, 518 U.S. 267, 288 (1996).

The Louisiana sex offender neighborhood notification law passes this test.  Three Circuits have held that sex offender neighborhood notification laws like Louisiana's do not, according to the "intent-effects" test, impose "punishment" violating the Ex Post Facto Clause.  See Russell v. Gregoire, 124 F.3d 1079 (9th Cir. 1997); Roe v. Office of Adult Probation, 125 F.3d 47 (2d Cir. 1997); Doe v. Pataki, 120 F.3d 1263 (2d Cir. 1997); E.B. v. Verniero, 119 F.3d 1077 (3rd Cir. 1997).  No Circuit has held that a sex offender neighborhood notification law like Louisiana's does impose "punishment" violating the Ex Post Facto Clause.   Moore

3

argues that Louisiana's law differs fundamentally from those reviewed by the Second, Third, and Ninth Circuits. We do not think that it does.

The intent of Louisiana's law is not punitive. We discern a statute's intent by looking first at the words of the statute. If its words are clear and unambiguous, "then our interpretative journey comes to an end, and we apply that plain meaning to the facts before us." United States v. Barlow, 41 F.3d 935, 942 (5th Cir. 1994). The text of the Louisiana law clearly and unambiguously limns the law's intent. The text – which mimics almost verbatim the language of the Washington law the Ninth Circuit affirmed against a similar constitutional challenge in Russell – clearly indicates that the legislature intended the notification provisions to prevent future attacks by recidivist sex offenders. See La. R.S. 15:540 (declaring that the statute aims to "protect the public from sex offenders, sexually violent predators, and child predators"); Russell, 124 F.3d at 1090 (holding that Washington's sex offender neighborhood notification law, which "is tailored to help the community protect itself from sexual predators under the guidance of law enforcement, not to punish sex offenders," serves a remedial purpose). That the Louisiana law may deter as well as remedy does not mean its intent is punitive. See Russell, 124 F.3d at 1090 ("...the law may have a deterrent purpose as well as a remedial one. Neither of these purposes would result in an ex post facto violation, however. There is no indication

4

that the legislature intended to punish already-convicted offenders (rather than merely deterring them or preventing future crimes)").

Nor does the statute's structure point up a punitive intent. Appellant contends that because the Louisiana law does not condition neighborhood notification on carefully calibrated, individualized determinations of dangerousness, we should look past the legislature's stated nonpunitive intent and scrutinize critically its "objective intent." Appellant argues that the objective intent of the Louisiana law is punitive, and that his subjection to the law, therefore, violates the Ex Post Facto Clause. We disagree. "A perfect fit between ends and means" need not exist for the legislature's objective intent to be other than punitive: "If a reasonable legislator motivated solely by the declared remedial goals could have believed the means chosen were justified by those goals, then an objective observer would have no basis for perceiving a punitive purpose in the adoption of those means." Verniero, 119 F.3d at 1098. A reasonable legislator could believe that the means employed by the Louisiana statute would help prevent future attacks by recidivist sex offenders. Moore has not marshaled the "clearest proof" that the Louisiana law is "so punitive in form and effect as to render [it] criminal despite [the legislature's] intent to the contrary." Ursery, 518 U.S. at 290. "The most significant question under this stage of the ['intent-effects'] analysis" is whether the law "while perhaps having certain punitive aspects, serve[s] important nonpunitive goals."

5

Russell, 124 F.3d at 1091 (quoting Ursery, 518 U.S. at 290).  A law serving  nonpunitive goals "is not punishment, even though it may bear harshly on one affected." Flemming v. Nestor, 363 U.S. 603, 614 (1960).[2]   The Louisiana law serves the same important nonpunitive goals that the Washington law upheld by the Ninth Circuit does: "alerting the community to the presence of sexual predators...and giving guidance to the community to allow it to avert new and tragic sexual offenses." Russell, 124 F.3d at 1091. It, accordingly, is not unconstitutionally punitive.[3]

----

[2]  See also Doe, 120 F.3d at 1279 ("The parties have stipulated to a number of anecdotes concerning the effects that notification has had upon registered offenders in New York and in three other states with similar notification laws -- New Jersey, Washington, and California....The stipulation describes numerous instances in which sex offenders have suffered harm in the aftermath of notification -- ranging from public shunning, picketing, press vigils, ostracism, loss of employment, and eviction, to threats of violence, physical attacks and arson.  Relying in part on these episodes, the District Court...concluded that 'the consequences of [community notification] are unlimited' and that the stigma created by the Act 'pervades into every aspect of an offender's life.'...Although we do not doubt that the Act has had unfortunate consequences for many subject to its operation, we do not agree that these detrimental consequences suffice to transform the regulatory measure of community notification into punishment"); Russell, 124 F.3d at 1092 ("Moreover,...whether a sanction constitutes punishment is not determined from the defendant's perspective, as even remedial sanctions carry...the sting of punishment") (citations omitted).

[3]  We reach this holding mindful of State v. Bishop, 686 So.2d 1053 (La. Ct. App. 1996).  Bishop held that the registration provisions of La. R.S. 15:542 violated the Ex Post Facto Clause. Because Bishop's two-sentence treatment of the ex post facto issue is conclusory, it does not persuade us.  See id. at 1055 ("Concerning the merits of defendant's appeal, we note the trial court erred in requiring defendant to register as a sex offender under the provisions of LSA-R.S. 15:542 that were not in effect at the time the offense was committed.  This violates the

6

CONCLUSION

Because the Louisiana sex offender neighborhood notification law is not unconstitutionally punitive either in intent or effect, we affirm.

AFFIRMED.

---

constitutional prohibition on ex post facto application of laws").