IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40649
Summary Calendar
_____

GEORGE WILLIAM RIECK, JR.,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-00-CV-20
--------------------
January 21, 2003

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

George W. Rieck, Jr., Texas prisoner # 654389, was convicted of indecency with a child and was sentenced to 16 years in prison. He was released on mandatory supervision, but it was revoked when he failed to abide by its conditions and was involuntarily discharged from a sex offender counseling program. He filed the instant 28 U.S.C. § 2254 petition to challenge the revocation of

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his mandatory supervision. The district court denied him relief, and this court granted him a certificate of appealability on the issue "whether the revocation of [his] mandatory supervision due to his failure to comply with the statute requiring him to attend sex offender counseling which was enacted after he was convicted and sentenced is a violation of the Ex Post Facto Clause."

This court applies an "intent-effects" test to determine whether a law is punitive and thus violates the Ex Post Facto Clause. See Moore v. Avoyelles Correctional Center, 253 F.3d 870, 872-73 (5th Cir. 2001). Under this test, "courts ask whether 1) the legislature intended the sanction to be punitive, and 2) the sanction is 'so punitive' in effect as to prevent courts from legitimately viewing it as regulatory or civil in nature." Id.

Our analysis of the law at issue here convinces us that it was not intended to be punitive and serves important nonpunitive goals. See id.; see also McKune v. Lile, 122 S. Ct. 2017, 2023-26 (2002); Kansas v. Hendricks, 421 U.S. 346, 350 (1997). Rieck has not shown that the state courts acted unreasonably in rejecting this claim. See DiLosa v. Cain, 279 F.3d 259, 262 (5th Cir. 2002); see also Lockhart v. Johnson, 104 F.3d 54, 56-57 (5th Cir. 1997). Accordingly, the judgment of the district court is

AFFIRMED.

2