United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21328
Conference Calendar
_____

LARRY LEONARD HERRON,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; IBEAM HARRY; COLLETTE,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3842
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry Leonard Herron, Texas prisoner # 00715927, appeals

the district court's dismissal of his 42 U.S.C. § 1983 action

as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(1). Herron's

motion for appointment of counsel is DENIED. Herron acknowledges

that the Supreme Court has ruled that the retroactive application

of "Megan's laws" requiring sexual offender registration and

notification do not violate the Ex Post Facto Clause. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Smith v. Doe, 123 S. Ct. 1140, 1154 (2003); Connecticut Department of Public Safety v. Doe, 123 S. Ct. 1160, 1164-65 (2003) (notification provisions of sex offender registration law do not violate procedural due process); see also Moore v. Avoyelles Correctional Center, 253 F.3d 870, 872 (5th Cir. 2001) (Louisiana sex offender notification law does not violate the Constitution's proscription of ex post facto laws.). However, Herron contends that the law still violates the Due Process Clause because it discriminates against him. Herron states that he was convicted in cause no. 916850 on February 12, 2003, for failure to comply as a sex offender. He states that his failure to comply charge is now on appeal due to the fact that his plea was coerced and involuntary. He also attacks his guilty plea to the original sexual offense.

Herron's brief, with its continued references to alleged constitutional violations in connection with his convictions for the original sexual offense requiring his registration, a previous firearms offense, DWI, and failure to comply with the sexual offender registration law, shows that the district court was correct to interpret Herron's complaint as a challenge to a pending state criminal proceeding or a habeas petition. Herron makes no argument challenging the district court's reasons for dismissing his complaint in this regard. The district court did not abuse its discretion in dismissing Herron's 42 U.S.C. § 1983 complaint as frivolous. Siglar v. Hightower, 112 F.3d 191, 193

(5th Cir. 1997).  Herron's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

Herron is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Herron that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.