**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41759
Summary Calendar

MELVIN D. SANDERS,

Plaintiff-Appellant,

versus

AUDREY L. SMITH, Warden;
MICHAEL MOORE, Captain;
GERALYN A. ENGMAN, Officer,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-369

Before GARWOOD, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Melvin D. Sanders, Texas prisoner # 658952, appeals the
dismissal of his 42 U.S.C. § 1983 complaint for failure to state a
claim. Sanders argues that his continued incarceration, based on
his refusal to participate as ordered in Texas' Sex Offender
Treatment Program ("SOTP") violates his due process rights and the

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Self-Incrimination, Ex Post Facto, and Double Jeopardy Clauses.

To the extent Sanders is attacking the disciplinary convictions he received for refusing to participate in the SOTP, he has failed to identify a violation of a constitutional right. *See McKune v. Lile*, 536 U.S. 24, 35-37 (2002); *Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872-73 (5th Cir. 2001).[1] To the extent that he argues that his grant of parole was revoked and he remains incarcerated due to his refusal to participate in the SOTP, the claim should have been brought in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Accordingly, the district court did not err in dismissing his complaint for failure to state a claim under 42 U.S.C. § 1983. *See Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

The district court's dismissal of Sanders's complaint and this court's affirmance count as one "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Sanders is cautioned that if he accumulates three "strikes," he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained

---

[1] As Sanders was not eligible for release on mandatory supervision, loss of good time credits does not implicate a protected liberty interest, *see Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler*, 211 F.3d 953, 956-58 (5th Cir. 2000). Reduction in line-class status does not implicate due process concerns. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.