EDWARDS, J.,
dissents.
hi disagree with the finding, of the majority that the sentence in the present case was imposed in conformity with a plea agreement. In State v. Stewart, cited by the majority, a panel of this Court determined that a plea agreement was expanded to include the trial judge’s warning that he would impose consecutive sentences, rather than concurrent sentences, and defendant would be multiple billed should he fail to appear. There we affirmed the extended sentence. We distinguished Stewart in State v. Ebright, also cited in the majority opinion. In Ebright, we found that Stewart was not dispositive because Stewart had been clearly informed of the two possible sentences, whereas Ebright was given no such “clear and express advice” but merely told that her “sentence would grow.”
I have grave misgivings with the result in Stewart; further, in my opinion, the instant case is more analogous to Ebright. Here, as in Ebright, any condition to the plea regarding an increase in sentence for failure to appear was not referenced in the guilty plea form, which clearly indicates the original sentence only. Therefore, any *711 failure of Roche to appear timely was clearly not a condition of the plea bargain. Additionally, the statements made by the trial court in the present case did not provide “clear and express advice.” The trial judge informed Roche that, if he did not appear as scheduled, “I can sentence you as freely as I want, okay ... which won’t be ten years with a boot camp recommendation. It will be more like ... without a bill, you’re looking at 65 years. The state can multiple bill you which would increase that substantially.” Rather than advising Roche of the ^sentence he would receive, in my view, the court was essentially advising Roche of the possible maximum sentence upon his failure to appear timely.
Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. State v. Bishop, 96-694 (La.App. 5 Cir. 12/30/96), 686 So.2d 1053 (citing Lewis v. State Through Dep’t of Public Safety and Corrections, 602 So.2d 68 (La.App. 1 Cir.1992), writ denied, 604 So.2d 1312 (La.1992)). Due process will not allow a judge to impose a heavier sentence than bargained for without permitting withdrawal of the guilty plea. See, State v. Chalaire, 375 So.2d 107 (La.1979).
In my opinion, rather than summarily decide on a longer sentence, due process at these contempt proceedings required the trial court to hear and determine whether Roche was in contempt and to sentence him accordingly while allowing him the opportunity to withdraw his guilty plea.
For the foregoing reasons, I respectfully dissent.